■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JEHLE, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered February 10, 1989, convicting him of murder in the second degree under Indictment No. 905-87, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, rendered March 16, 1989, convicting him of criminal mischief in the second degree under Indictment No. 917-87, upon his plea of guilty, and imposing sentence. The appeal under Indictment No. 905-87 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgments are affirmed.

The defendant contends that his statements concerning the murder should have been suppressed on the ground that they

were obtained as a result of an arrest made without probable cause. However, by failing to specifically present and pursue this contention before the suppression court, the defendant has failed to preserve it for appellate review *(see, People v Jiminez,* 146 AD2d 713; *People v Jones,* 81 AD2d 22; *People v Martin,* 135 AD2d 836).

Similarly, his contention that the police intentionally delayed his arraignment on pending grand larceny, criminal mischief, and arson charges under Indictment No. 917-87, so that they might question him on the separate murder investigation under Indictment No. 905-87, is also unpreserved for our review since he did not advance this contention in his omnibus motion or at the suppression hearing *(see, People v Silas,* 158 AD2d 561). In any event, his contention is without merit *(see, People v Bing,* 76 NY2d 331).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.