■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ODIAT, Appellant. [594 NYS2d 38] —Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered December 18, 1989, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him as second felony offender to a term of 5½ to 11 years, unanimously affirmed.

Ordinarily, where a defendant claims that a Sandoval hearing was conducted in his absence, and the record is ambiguous as to his presence, as it is herein, we will hold the appeal in abeyance and remand for a hearing on that issue (see, People v Rose, 172 AD2d 230). However, that procedure is not warranted where the record reveals that defendant's presence at the Sandoval hearing would have been "useless, or the benefit but a shadow" (Snyder v Massachusetts, 291 US 97, 106-107; see, People v Dokes, 79 NY2d 656, 662). We find that such is the case herein.

The defendant was charged with robbery in the first and second degrees, and assault in the first degree, as well as several related charges which were dismissed by the trial court before the case was submitted to the jury. At the Sandoval hearing, the court ruled that if the defendant testified, the People could bring out that he had been convicted of attempted criminal sale of a controlled substance as a felony,

and two unspecified misdemeanors. The court noted that the People would not be permitted to apprise the jury that the two misdemeanors were for assault and criminal possession of a weapon because they were too similar to the crimes charged in the instant case.

At trial, the People's witnesses testified that defendant and two other men robbed the proprietor of a bodega, who was referred to as "Senior," in the course of which defendant struck Senior with a machete. The defendant testified that he had been a cocaine seller for 10 years, and that Senior had sold cocaine to him on 20 or 25 occasions. Defendant further testified that on the night in question Senior attacked him with the machete because defendant did not pay Senior $700 owed for a cocaine purchase two weeks prior to the incident, that defendant was able to gain possession of the machete during a struggle, and that he struck Senior with the machete in self defense when Senior attempted to draw a gun from his waist area. The jury found the defendant not guilty of three counts of robbery, but guilty of the assault.

We find it clear upon consideration of the entire record of the proceedings below that defendant's presence at the *Sandoval* hearing would have been "superfluous" *(People v Dokes,* 79 NY2d, *supra,* at 662), and that accordingly no purpose would be served by remanding for a hearing to determine whether he was, or was not, present. If the defendant had been present (assuming, *arguendo,* that he was not), and had the court precluded inquiry about all three of his convictions, defendant still would have testified about his extensive cocaine dealings with Senior since that was the core of his defense. It is clear that the court's *Sandoval* ruling played no part in defendant's decision whether or not to testify, since he testified despite the fact that he knew his convictions would be used to impeach him. Moreover, defendant's admission on direct examination that he had once been convicted of attempted criminal sale of a controlled substance was entirely consistent with, and in fact may have bolstered, his defense. With respect to the two unspecified misdemeanors, defendant does not suggest any basis for concluding that the court might have ruled otherwise as to their admissibility had defendant been present, and their admission surely must have been considered insignificant by the jury in light of defendant's testimony that he had engaged in 20 to 25 cocaine transactions with Senior and that he had been selling cocaine for 10 years.

In *People v Dokes* (79 NY2d, *supra,* at 661), the Court of Appeals noted that meaningful participation by the defendant

at a *Sandoval* hearing is important because "the defendant is in the best position to point out errors in the DCJS report, to controvert assertions by the prosecutor with respect to uncharged acts and to provide counsel with details about the underlying facts of both charged and uncharged acts." These legitimate concerns are not implicated in this case because the court prohibited any inquiry into the underlying facts of the controlled substance felony, and prohibited identification of the misdemeanors as being for assault and unlawful possession of a weapon. There was neither questioning nor testimony concerning uncharged acts. Thus it is clear that the *Sandoval* hearing in this case did not involve "factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position," which the Court of Appeals identified as "a key factor" in determining whether a defendant has the right to be present *(supra,* at 660). No such "peculiar knowledge" is identified by the defendant, and in any event it would have resulted in no benefit to him in light of the court's *Sandoval* ruling which substantially restricted the People's right to inquire with respect to the defendant's prior convictions.

We have considered defendant's remaining arguments and conclude that they were either unpreserved or without merit. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.