■ The People of the State of New York, Respondent, v

Luis Salda, Appellant. [597 NYS2d 707] —Judgment, Supreme Court, Bronx County (Arlene R. Silverman, J.), rendered December 4, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees and sentencing him, as a predicate felony offender, to concurrent indeterminate terms of imprisonment of from five to ten years imprisonment on the first two counts and three to six years on the last count, unanimously reversed, on the law, and the matter remanded for a new trial.

Unlike our recent decision in *People v Odiat* (191 AD2d 183), where the record was ambiguous as to defendant's presence at the *Sandoval* hearing *(see also, People v Rose,* 172 AD2d 230), there is no question that, in the case at bar, an off the record *Sandoval* hearing was held at the Bench in defendant's absence. It is now well settled that "except in circumstances where the nature of the defendant's criminal history and the issues to be resolved at the *Sandoval* hearing render the defendant's presence superfluous, the hearing should not be conducted without the presence of the accused" *(People v Dokes,* 79 NY2d 656, 662). On the present record, it cannot be said that defendant's presence would have been superfluous or " 'useless, or the benefit but a shadow' " *(People v Odiat, supra,* at 183, quoting *Snyder v Massachusetts,* 291 US 97, 106-107). Defendant's presence in the courtroom when the court announced its *Sandoval* ruling did not correct or overcome this fundamental error. Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.