■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON MICHALEK, Appellant. [598 NYS2d 565] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered September 29, 1989, convicting him of criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his arrest was predicated upon less than probable cause. When police questioned the defendant's companion, believing that he might be stealing a car radio, this individual informed the police that the defendant would be returning shortly to the car after having purchased cocaine at a nearby house. Even assuming that this individual could be considered an accomplice, the information he provided to the police clearly endowed them with probable cause to place the defendant under arrest upon his return to the car *(see, People v Berzups,* 49 NY2d 417; *People v Rodriguez,* 188 AD2d 564; *People v Herrin,* 187 AD2d 670). To the extent that the defendant asserts that the police improperly elicited the incriminating statements from his companion, he lacks standing to raise this claim *(see, People v Henley,* 53 NY2d 403; *People v Irby,* 162 AD2d 714; *People v Williams,* 115 AD2d 627).

The defendant further argues that his conviction must be vacated because he was absent from a material stage of his trial when the court conducted a *Sandoval* hearing in his

absence. It is settled that a *Sandoval* hearing can constitute a material stage of the proceedings at which the defendant's presence is mandatory *(see, People v Dokes,* 79 NY2d 656). However, even crediting the defendant's argument that he was absent from the pretrial *Sandoval* hearing, the court's ruling regarding a prior New York conviction constituted a *"Sandoval* compromise", holding only the fact of a prior felony conviction admissible without exploration of underlying facts. As the Court of Appeals explained in *Dokes,* a defendant's presence at a *Sandoval* hearing is necessary to enable him to controvert factual allegations and provide details as to alleged criminal acts so that a *Sandoval* ruling will not rest upon the prosecutor's unrebutted version of the facts *(People v Dokes, supra,* at 661). However, in this case the defendant admitted his prior New York felony conviction, and the court's ruling precluded inquiry into any underlying facts. Therefore, the defendant would have had nothing to add to the content of the *Sandoval* hearing about this matter and his presence would have thus been superfluous *(see, People v Odiat,* 191 AD2d 183; *see also, People v Almanzar,* 188 AD2d 654).

Prior to the defendant's testimony at trial, the court re-opened the *Sandoval* hearing to consider the admissibility of two recent New Jersey convictions entered on the defendant's pleas of guilty, but upon which he had not yet been sentenced *(see, People v Liberty,* 147 AD2d 502). The defendant claims that he was also absent from this latter stage of the proceeding. However, he has failed to overcome the presumption of regularity attached to this proceeding *(see, People v Robinson,* 191 AD2d 523) as the record strongly suggests that he was in fact present. To the extent that the New Jersey convictions were also discussed at the pretrial *Sandoval* hearing at which the defendant's presence cannot be ascertained on this record, the subsequent discussion of the New Jersey convictions in the defendant's presence at the re-opened *Sandoval* hearing prior to his trial testimony provided him with ample opportunity to controvert factual allegations or otherwise address the court with regard to these convictions. Therefore, even assuming that he was absent from the pretrial *Sandoval* hearing, the defendant suffered no prejudice and thus, reversal of the judgment of conviction is unwarranted *(see, People v Lamour,* 189 AD2d 825).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find them to be without merit. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.