■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RIVERA, Appellant. [634 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 7, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's murder conviction stems from the shooting death of Solomon Lewis. During his investigation into the crime, a detective learned that Lewis worked as a "lookout" for a drug distribution ring, known as the "Brown Bag", which operated out of an abandoned building in Brooklyn. The detective interviewed two identified "Brown Bag" employees, who stated that Lewis had been killed by the defendant and a man named Rodriguez, both of whom were managers of the "Brown Bag" operation. These identified employees also indicated that they were present at the "Brown Bag" on the night Lewis was killed, and that they were ordered to dispose of the body, which they did. The detective then "let the word out" that he was looking for the defendant and Rodriguez in order to talk to them.

The defendant was arrested when he voluntarily came to the police station to be interviewed about the incident. Approximately eight hours after his arrest, the defendant made

two statements in which he admitted to the killing. He contends, *inter alia*, that the branch of his omnibus motion which was to suppress his statements should have been granted because there was no probable cause for his arrest. We disagree.

The information provided by the identified employees, based upon their presence and personal observations at the time of the commission of the crime, gave the detective probable cause to arrest the defendant even if the witnesses could be considered accomplices *(see, People v Michalek*, 194 AD2d 568, *mod on other grounds* 82 NY2d 906; *People v Herrin*, 187 AD2d 670).

The defendant's contention that the police intentionally delayed his arraignment is unpreserved for appellate review *(see, People v Jehle*, 181 AD2d 792).

Finally, the defendant's sentence was not excessive *(see, People v Suitte*, 90 AD2d 80). Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.