■ The People of the State of New York, Respondent, v Miguel Medina, Appellant. [659 NYS2d 436] —Judgment, Supreme Court, New York County (Paul P.E. Bookson, J.), rendered November 29, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent indeterminate terms of $7^1/_4$ to $14^1/_2$ years imprisonment, unanimously reversed, on the law, the convictions vacated and the matter remanded for a new trial.

Prior to the commencement of jury selection, the trial court indicated that it wished "to go on the record with respect to the *Sandoval* as to each defendant" and proceeded to announce its ruling. Counsel for appellant thereupon stated "I just want the record to be clear that the *Sandoval* was done at the bench off the record, and that the defendants were not here for that, over objection." Neither the court nor the prosecutor responded to this remark.

Contrary to the People's claim, the record sufficiently reveals that defendant did not participate in the *Sandoval* hearing, thus requiring a reversal of defendant's conviction (*People v Salda*, 193 AD2d 548; *People v Garcia*, 198 AD2d 4). At no time did either the prosecutor or the court challenge defense counsel's claim that the hearing had been conducted in defendant's absence, at the bench and over counsel's objection. Furthermore, nothing in the record creates any ambiguity regarding the issue (*compare, People v Smith*, 208 AD2d 455, *lv denied* 84 NY2d 1039). Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ.