OPINION OF THE COURT
Chief Judge Wachtler.
Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana. The charges and resulting convictions stem from a routine "buy and bust” operation in the Borough of Queens.
Defendant’s primary contention on this appeal is that his right to be present at all material stages of the trial was violated when the trial court conducted a Sandoval hearing (see, People v Sandoval, 34 NY2d 371) in his absence. We agree and consequently reverse the order of the Appellate Division affirming the judgment of conviction.
The only facts relevant to this appeal are those concerning the hearing on defendant’s Sandoval motion to preclude the People from cross-examining him about prior crimes. It is undisputed that defendant was not present during a conference in the Judge’s robing room, held immediately prior to jury selection for this trial, during which the court heard *659 counsels’ arguments on this motion. The People contend, however, that defendant was present at a Sandoval hearing conducted in connection with a prior effort to try defendant on these charges[1] and that the later hearing was merely a reargument of the court’s prior Sandoval ruling. Thus the People argue that, even assuming that defendant’s presence is required at a Sandoval hearing, his presence at the initial hearing effectively satisfied this requirement for the later proceeding. Defendant, on the other hand, contends that he was not present at the earlier hearing.
The record is equivocal with respect to defendant’s presence at the earlier hearing, but this factual dispute is inconsequential for our purposes. The record of the second hearing, from which defendant was absent, indicates that the motion was considered de novo. The benefits that defendant may have obtained by his presence at the first hearing, if he was present then, did not carry over to the second hearing. In these circumstances, we do not consider it material that defendant may have been present at an earlier hearing on his motion.
A defendant’s presence at trial is required not only by the Confrontation and Due Process Clauses of the Federal and State Constitutions (see, US Const 6th, 14th Amends; NY Const, art I, § 6), but also by CPL 260.20, which provides that "[a] defendant must be personally present during the trial of an indictment”. The statutory right, we have held, extends to "the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury” (People v Velasco, 77 NY2d 469, 472; see, People v Sloan, 79 NY2d 386; People v Mullen, 44 NY2d 1, 4). In addition, due process requires that a defendant be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge” (Snyder v Massachusetts, 291 US 97, 105-106; see, People v Mullen, supra, at 4-5; People v Ciaccio, 47 NY2d 431, 436).
Applying these standards, we have held that a defendant has a right to be present during a pretrial suppression hearing during which witnesses are examined and cross-examined, noting that the "defendant alone may be able to inform his attorney of inconsistencies, errors and falsities in the testimony of the officers or other witnesses” (People v Anderson, 16 NY2d 282, 288). Similarly, we held in People v Turaine (78 *660 NY2d 871) that the defendant had a right to be present at a hearing to determine the admissibility of a witness’ proposed testimony that the defendant had threatened the witness to prevent him from testifying. We noted (at 872) that defendant was entitled "to confront the witness against him at that hearing and also to be present so that he could advise counsel of any errors or falsities in the witness’ testimony which could have an impact on guilt or innocence.”
By way of contrast, we have held that the defendant’s presence was not required at a precharge conference concerning such matters as the scheduling of the rest of the trial and the concluding instructions to be given to the jury by the court (see, People v Velasco, supra). The basis for our conclusion in that case was that "[t]he conference involved only questions of law or procedure” (id., at 472; see also, People v Rodriguez, 76 NY2d 918 [defendant not entitled to be present during discussion between court and defense counsel, outside the jury’s presence, concerning sufficiency of read-back of testimony]).[2]
In determining whether a defendant has a right to be present during a particular proceeding, a key factor is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant’s or countering the People’s position. If so, as in Anderson (supra) and Turaine (supra), then the defendant has a right to be present. The Sandoval hearing in this case was such a proceeding.
The purpose of a Sandoval hearing is to determine the extent to which the defendant, if he testifies, will be subject to impeachment by cross-examination about prior bad acts (People v Sandoval, 34 NY2d 371, supra). Typically, the focus of such a hearing is a report on the defendant’s criminal history compiled by the State Division of Criminal Justice Services (DCJS) which contains information about any prior arrests and the disposition of those charges. In the usual case, the prosecution will seek permission to cross-examine the defen *661 dant about most, if not all of the charges reflected in that report. The People may also seek to inquire about prior bad acts of which they are aware that have not been the subject of formal charges.[3]
Based on a number of factors — including the nature of the conduct, its similarity to the pending charges, the extent to which it bears on the defendant’s credibility, the age of the defendant at the time, the disposition of the charges and many other factors — the court must determine whether the probative value of the evidence concerning the defendant’s prior bad acts is outweighed by its prejudicial impact. In its discretion, the court may allow the People to cross-examine the defendant about all prior bad acts, about some of them or about none of them; it may allow the People to inquire about the facts underlying the charges or it may limit the People to asking whether the defendant was convicted of a particular crime or, even more generally, whether the defendant was convicted of a felony or misdemeanor, as the case may be.
Given the number of factors that are relevant to the court’s decision, the potential for meaningful participation by the defendant during the determination of the merits of a Sandoval motion is apparent. For example, the defendant is in the best position to point out errors in the DCJS report,[4] to controvert assertions by the prosecutor with respect to uncharged acts and to provide counsel with details about the underlying facts of both charged and uncharged acts. In short, the defendant’s presence will help to ensure that the court’s determination will not be predicated on the prosecutor’s “unrebutted view of the facts” (People v Ortega, 78 NY2d 1101, 1103).
The importance of the defendant’s ability to participate in *662 this proceeding is compounded by the significance of the court’s determination. The court’s ruling on the permissible scope of cross-examination about prior bad acts is often the pivotal factor in the defendant’s determination whether to testify. Thus, except in circumstances where the nature of the defendant’s criminal history and the issues to be resolved at the Sandoval hearing render the defendant’s presence superfluous, the hearing should not be conducted without the presence of the accused.
Here, the hearing involved seven prior charges dating back as far as 1980. It cannot be said on this record that defendant’s presence "would have been 'useless, or the benefit but a shadow’ ” (People v Velasco, supra, at 473, quoting Snyder v Massachusetts, 291 US 97, 106-107, supra).
For these reasons, we conclude that the Sandoval hearing was a material stage of the trial at which the defendant’s presence was required. Since the contention concerns the right conferred by CPL 260.20, defendant’s failure to object is not fatal to his claim (see, People v Bonaparte, 78 NY2d 26, 31-32, n; People v Mehmedi, 69 NY2d 759, 760; People v Ahmed, 66 NY2d 307, 310).
Because a new trial is required on this ground, we find it unnecessary to address defendant’s additional argument that the trial court, after sustaining his objection to the prosecutor’s "safe streets” appeal during summation, should have granted defendant’s request for a mistrial. Defendant’s remaining claims are without merit.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. The trial that is the subject of this appeal was the third trial of the indictment against defendant. Mistrials were declared in the first two.

. In addition to claiming that he had a right to be present at the Sandoval hearing, defendant also claims that he had a right to be present during a precharge conference and during an in-chambers conference during jury selection at which counsel advised the court of their peremptory challenges and challenges for cause. As defendant acknowledges, these same claims were rejected by us in People v Velasco (supra, at 472-473) and, despite defendant’s invitation to do so, we perceive no reason to depart from our rulings in that case.

. In People v Matthews (68 NY2d 118, 121-122) we held that the defendant bears the burden of bringing to the court’s attention those prior bad acts about which he seeks to preclude cross-examination by the People. The 1987 enactment of CPL 240.43 modified that holding to the extent of permitting the defendant to require the prosecution to notify him of any uncharged bad acts that it intends to use at trial for impeachment purposes.

. A 1991 report of the State Comptroller notes that errors in DCJS records are common: “The Division does not maintain a complete, accurate and secure criminal history database to serve its users. Because of this, judges, prosecut[o]rs and law enforcement personnel cannot rely on criminal history data to carry out their respective functions. Thus, community security may be jeopardized and criminal defendants may be constitutionally harmed.” (Off of St Comp, Performance Audit Report 89-S-16, Division of Criminal Justice Services: Criminal Records, at MS-2.)