■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILL YULFO, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered October 4, 1990, convicting the defendant, upon a jury verdict, of burglary in

the third degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from three and one-half to seven years on the burglary count and to a definite term of one year on the possession of burglar's tools count, to be served concurrently, unanimously reversed, on the law, and the matter is remitted for a new trial.

Although the People contend that the defendant failed to "indisputably" establish his absence from the *Sandoval (People v Sandoval,* 34 NY2d 371) hearing, the record reveals that the hearing was held in the robing room with only "court and counsel."

We find that the defendant's presence was required at the *Sandoval* hearing, a material stage of the proceedings *(People v Beasley,* 80 NY2d 981; *People v Dokes,* 79 NY2d 656), which assessed and resolved the prosecutor's entitlement to cross examine the defendant with respect to his prior convictions for property related offenses, charges similar to those for which he was indicted in the instant case. The defendant's failure to object to his exclusion from the proceedings does not, of course, preclude our review *(supra).*

In light of the foregoing, we do not reach the defendant's remaining contentions. Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.