OPINION OF THE COURT
David Goldstein, J.
This is a motion by defendant, appearing pro se, for an *233 order pursuant to CPL 440.10 (1) (h), vacating the judgment of conviction, upon the alleged deprivation of his legal and constitutional rights as a result of the trial court (Groh, J.) having proceeded with a Sandoval hearing prior to trial in defendant’s absence.
This indictment, which charged defendant with robbery in the first degree, criminal use of a firearm in the first degree, attempted rape in the first degree, attempted sodomy in the first degree and assault in the first degree, was tried before Hon. Robert T. Groh and resulted in a conviction on those charges on April 25, 1985. On May 16, 1985, defendant was sentenced to concurrent indeterminate prison terms of 11 to 22 years on the robbery and firearm charges, 4 to 12 years on the attempted rape and sodomy charges and two to six years on the assault charge. Defendant’s conviction was affirmed by the Appellate Division, Second Department, on August 17, 1987 (133 AD2d 164), and leave to appeal was thereafter denied by the Court of Appeals on November 5, 1987 (70 NY2d 873 [Kaye, J.]).
Under a separate indictment (No. 246/82), which charged defendant with three counts of sodomy in the first degree, robbery in the first degree, criminal use of a firearm in the first degree, burglary in the second degree and three counts of sexual abuse in the first degree, on June 24, 1985, defendant pleaded guilty to robbery in the first degree in full satisfaction of the indictment, and was sentenced to an indeterminate jail term of three to six years, to run consecutive to the sentence imposed under indictment No. 103/82. Defendant’s conviction under indictment No. 246/82 was affirmed by the Appellate Division, Second Department, on November 28, 1988 (144 AD2d 1048) and leave to appeal was denied by the Court of Appeals on January 12, 1989 (73 NY2d 889 [Titane, J.]).
Subsequently, in September 1990, defendant moved to vacate the convictions, pursuant to CPL 440.10, alleging ineffective assistance of counsel. The motion was denied by Justice Groh on February 13, 1991. The following year, defendant again moved to vacate the convictions, pursuant to CPL 440.10, alleging that the discovery of certain documents constituted newly discovered evidence, entitling defendant to a new trial and further, that the convictions were procured by fraud. The motion was denied by this court on June 23, 1992. Defendant thereafter sought a writ of error, coram nobis, in the Appellate Division, to vacate the August 17, 1987 order *234 affirming the conviction, which application was denied on September 20, 1993.
Thus, this is defendant’s third motion brought to vacate the conviction pursuant to CPL 440.10, each based upon a separate ground. On the present application, defendant claims that the trial court improperly proceeded with a Sandoval hearing in defendant’s absence and that this was in violation of his rights under recent pronouncements by the Court of Appeals (see, People v Favor, 82 NY2d 254; People v Dokes, 79 NY2d 656).
In People v Dokes (supra), the Court of Appeals held that a defendant’s right to be present at all material stages of a trial included the conduct of a Sandoval hearing. Upon that basis, the Court reversed the judgment of conviction and remanded the case for a new trial: "we conclude that the Sandoval hearing was a material stage of the trial at which the defendant’s presence was required. Since the contention concerns the right conferred by CPL 260.20, defendant’s failure to object is not fatal to his claim [citing cases].” (79 NY2d, at 662.)
In People v Favor (supra), decided one year and four months after Dokes (supra), the Court of Appeals held the Dokes rule applicable to both appeals, notwithstanding that both trials were held prior to the determination in Dokes, decided in June 1992. Under the principle of Dokes, which requires defendant’s presence at a Sandoval hearing, unless his presence would be "superfluous,” the Court found that no showing had been made that retroactive application of Dokes would lead to "wholesale reversals” (82 NY2d, at 266): "Contrary to the People’s assertion, there is simply no indication in the parties’ submissions that retroactive application of Dokes could lead to wholesale reversals. * * * [T]he People have failed to demonstrate that the practice of excluding defendants from Sandoval hearings was widespread throughout the State before it was rejected in Dokes. ” In so holding, the Court of Appeals recognized that the Dokes rule emanates from the New York statutory right to be present at "material” stages of the proceeding (CPL 260.20), not upon Federal constitutional due process principles. (82 NY2d, at 262.)
In our case, there is no question that, for the most part, the Sandoval hearing was held in the robing room, thereby excluding defendant from a "material” stage in the proceeding. This, however, does not entitle defendant to CPL 440.10 relief, *235 vacating the conviction and directing a new trial. The trial in this case was held in 1985 and the appellate process was completed in 1987, five years prior to Dokes (supra) and six years prior to Favor (supra). Nothing in the determinations in either Dokes or Favor would mandate remedial relief to this defendant, whose case was tried and whose appeals were finally decided years prior to the Court of Appeals pronouncements in those cases.
To reconsider the issue in every case for every defendant presently serving time, well after completion of available appellate process, would open the floodgates of litigation in such manner as to impose an intolerable burden upon the criminal justice system. The argument advanced by defendant in this case would render the Dokes principles completely retroactive in application and require a reopening of every criminal proceeding where attendance at a Sandoval hearing had been denied. Such a result was clearly not contemplated by the Court of Appeals in Favor (supra) and, in fact, would lead to the "wholesale reversals” which the Court expressly intended to avoid.
Plainly, the Court held in Favor (supra) that the Dokes principle was to be applicable to those cases where the appellate process had not been exhausted. At least one Trial Justice has so held, concluding that the Dokes rule is not applicable to cases outside the appellate pipeline (People v Nucci, NYLJ, Dec. 20, 1993, at 35, col 3 [Plug, J.]), a determination with which I am in agreement. Upon this basis, inasmuch as the defendant exhausted all available appeals in 1987, when the Court of Appeals denied leave to appeal (70 NY2d 873), which disposition was years prior to both Dokes (supra) and Favor, those decisions did not revive any right to seek vacatur of the conviction and a new trial. Clearly, the holding in Favor does not contemplate the type of collateral attack on the conviction sought to be waged by defendant in this case.
The recent holding by the Appellate Division, First Department, in People v Robles (203 AD2d 172), is inapposite here. In that case, albeit one year after the appeal was decided, the Appellate Division granted defendant’s motion for reargument, recalling and vacating the decision and order which had affirmed the conviction and, in lieu thereof, reversed the conviction and remanded the matter for a new trial. In doing so, the Court relaxed the local appellate rule (Rules of App Div, 1st Dept [22 NYCRR] § 600.14 [a]), which permitted reargument only within 30 days, recognizing that this was not *236 a situation where a defendant was trying to extend the period of appellate review in order to take advantage of new law. Concluding that it had misapplied the Dokes principle on the prior appeal, when it incorrectly applied a prejudice analysis in connection with the failure to aiford defendant his right to be present at the Sandoval hearing, the First Department unanimously reversed the conviction and remanded the case for a new trial.
Notwithstanding the recent determination in Robles (supra), the holding in that case does not entitle this defendant to relief under CPL 440.10. In the first place, the present application is made nine years after the trial and seven years after all appeals had been exhausted, a far greater period than that in Robles. Secondly, in Robles, the appellate court relaxed its own local rule to correct an error which it committed on the appeal. This is hardly the same as the relief sought by defendant in this case, involving a collateral attack on the judgment of conviction, made years after all available appeals had been taken. As has been often noted, in the interest of finality, there comes a time in any case when further litigation should come to an end. That time has long passed in this case.
Accordingly, defendant’s motion for relief pursuant to CPL 440.10, vacating the conviction and directing a new trial, is denied in all respects.