■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. GEDDES, JR., Appellant. [617 NYS2d 96] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant's absence from the in-chambers *Sandoval* hearing prior to defendant's retrial requires reversal.

The People contend that reversal is not warranted because defendant was present at the *Sandoval* hearing conducted at his first trial and he made no request for a de novo hearing except with respect to a Federal conviction after his first trial. Regardless of whether defendant requested a de novo hearing, the *Sandoval* ruling rendered before the retrial differed from and was less favorable than the *Sandoval* ruling rendered before the first trial. Any benefit defendant may have obtained from his presence at the first hearing did not carry over to the second hearing *(see, People v Dokes,* 79 NY2d 656, 659). Because the court's ruling prior to the retrial was not wholly favorable to defendant, reversal is required *(see, People v Odiat,* 82 NY2d 872, 874; *People v Favor,* 82 NY2d 254).

The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support the conviction, and the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

In view of our determination, we do not reach defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Elliott, J.—Rape, 2nd Degree.) Present—Green, J. P., Balio, Wesley, Callahan and Boehm, JJ.