■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN JONES, JR., Appellant. [625 NYS2d 979] —Judgment unanimously reversed on the law, motion to suppress granted and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: A reconstruction hearing was held to determine whether defendant was present at the *Sandoval* hearing conducted during his trial. The evidence adduced at the hearing established that defendant was not present during the *Sandoval* conference conducted at the bench. The subsequent recitation of the *Sandoval* ruling in defendant's presence does not constitute a de novo hearing *(see, People v Geddes,* 207 AD2d 987). The presence of defendant at the conference cannot be deemed superfluous because the *Sandoval* ruling was not wholly favorable to him *(see, People v Favor,* 82 NY2d 254, 267, *rearg denied* 83 NY2d 801). Therefore, reversal is required *(see, People v Dokes,* 79 NY2d 656).

Because a new trial is required, we note that the court also erred in denying the motion to suppress the identification testimony of witness Darryl Lonero. There were no exigent circumstances to justify the police station showup and the viewing by the witness of defendant alone in a "cage" at the police station was unduly suggestive in the extreme. Evidence of the showup identification therefore must be suppressed *(see, People v Riley,* 70 NY2d 523). A new *Wade* hearing is required to determine whether there was an independent basis for the in-court identification of defendant *(see, People v Burts,* 78 NY2d 20). (Appeal from Judgment of Oneida County Court, Burke, J., sentencing; Mulroy, J., trial; Auser, J., suppression —Robbery, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.