OPINION OF THE COURT
 

 Cipabick, J.
 

 On this appeal, we must decide whether defendant’s presence was required at a side-bar conference held outside his earshot to determine whether his direct testimony had "opened the door” to cross-examination about the underlying facts of a prior conviction. Such questioning had been precluded pursuant to a pretrial
 
 Sandoval
 
 ruling. We conclude that the side-bar conference was not a material stage of the trial requiring defendant’s presence since the only question discussed was a legal one. We thus affirm.
 

 
 *589
 
 Defendant was arrested and charged with criminal sale of a controlled substance in the third degree after selling two vials of "crack” to an undercover police officer. Police laboratory tests revealed that the contents of one of the vials tested positive for cocaine; the other vial tested negative for the presence of any controlled substance. At the conclusion of a
 
 Sandoval
 
 hearing, wherein the defendant was present, the court ruled that the People could question him concerning his 1989 felony conviction for attempted criminal sale of a controlled substance in the third degree (1989 conviction), but precluded questioning about the underlying facts of the conviction.
 

 At trial, defendant testified in his own behalf, describing himself as a "hustler” and "scammer” who sold "dummies” or fake drugs to tourists or other individuals unlikely "to come back looking for their money.” Defendant testified that he would make "dummies” by crushing peppermint Lifesavers in his mouth and placing the pieces in empty vials he picked up from the street. When asked why he sold "dummies”, defendant responded: "Well, like I stated before, I have a prior felony, okay, selling drugs or another felony would mean some time in jail, just to get high.”
 

 At the conclusion of defendant’s direct testimony, the prosecutor asked to approach the Bench. During the side-bar discussion that took place on the record, the prosecutor sought permission to cross-examine defendant about the underlying facts of the 1989 conviction, which, as here, involved the sale of one fake and one authentic vial of cocaine to an undercover officer. The prosecutor argued that defendant had "opened the door” to being questioned on the facts of the prior conviction by expressly denying knowledge that what he had sold was indeed cocaine.
 

 The court granted the People’s application to inquire into the facts of the 1989 conviction, noting that defendant’s testimony was that he lacked knowledge in this case because it was his practice to put candy, not real cocaine, in the vials he sold.
 

 On appeal, the Appellate Division reduced defendant’s sentence, but otherwise affirmed the judgment of conviction. The Court rejected defendant’s argument that he was denied the right to be present at a material stage of the trial when the court conducted the side-bar conference in his absence, or rather out of earshot as this was done quietly at the Bench
 
 *590
 
 while the defendant was on the witness stand and the jury in the courtroom. The Court held that "defendant’s presence was not mandated at a sidebar conference at which the attorneys merely argued, and the court determined, the legal issue of whether defendant’s testimony had 'opened the door’ to cross-examination about a prior crime” (203 AD2d 92).
 

 Defendant argues that he was excluded when the People made an application, pursuant to
 
 People v Molineux
 
 (168 NY 264), to question him about the facts of a prior conviction and that the conference that ensued was essentially a hearing pursuant to
 
 People v Ventimiglia
 
 (52 NY2d 350) at which his presence was required. Defendant’s argument lacks merit, as the record indicates that the only issue discussed during the sidebar was the legal question of whether defendant had, by virtue of his direct testimony, "opened the door” to cross-examination about the facts of the 1989 conviction which had been precluded at the
 
 Sandoval
 
 hearing and involved the sale of real and fake cocaine. Defendant had been present at the
 
 Sandoval
 
 hearing where the facts underlying the prior conviction had been fully discussed.
 

 A defendant has a statutory right to be present during the trial of his indictment, including the impanelling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury (CPL 260.20;
 
 see, People v Spotford, 85
 
 NY2d 593 [decided today];
 
 People v Dokes,
 
 79 NY2d 656, 659). Apart from this statutory right to be present at core segments of the trial, considerations of due process require a defendant’s presence at an ancillary proceeding whenever it would have " 'a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge’ ”
 
 (Dokes, supra,
 
 at 659 [quoting
 
 Snyder v Massachusetts,
 
 291 US 97, 105-106];
 
 see, Spotford, supra [Ventimiglia
 
 hearing];
 
 Dokes, supra [Sandoval
 
 hearing];
 
 People v Sloan,
 
 79 NY2d 386 [voir dire of prospective jurors];
 
 People v Turaine,
 
 78 NY2d 871 [hearing on admissibility of defendant’s alleged threats against a witness];
 
 People v Anderson,
 
 16 NY2d 282 [pretrial motion to suppress];
 
 see also, People v Morales,
 
 80 NY2d 450, 456 ["where defendant has something valuable to contribute, presence is generally required”];
 
 compare, People v Williams, 85
 
 NY2d 945).
 

 We have observed that an important factor in determining whether a defendant has a right to be present is the extent to which the particular proceeding "involved factual matters about which defendant might have peculiar knowledge that
 
 *591
 
 would be useful in advancing the defendant’s or countering the People’s position”
 
 (Dokes, supra,
 
 at 660). However, a defendant’s presence is not required where the proceeding at issue involves only questions of law or procedure
 
 (see, Williams, supra
 
 [hearing on motion to withdraw prior motion to controvert findings of competency];
 
 Morales, supra,
 
 at 457 [hearing on competency of child-witness which did not involve testimony or issues about which defendant had special knowledge];
 
 People v Velasco,
 
 77 NY2d 469, 472 [precharge conference involving motions to dismiss, stipulation concerning the contents of a medical record, scheduling of the rest of the trial, and court’s concluding instructions to jury];
 
 People v Rodriguez,
 
 76 NY2d 918, 921 [colloquy regarding sufficiency of a readback]).
 

 Here, the brief side-bar conference involved a purely legal discussion and, unlike the
 
 Ventimiglia
 
 hearing in
 
 Spotford (supra)
 
 and the
 
 Sandoval
 
 hearing in
 
 Dokes (supra),
 
 it neither implicated defendant’s peculiar factual knowledge nor otherwise presented the potential for his meaningful participation. Since the side-bar discussion did not stray beyond the legal issue of whether defendant "opened the door”, defendant’s presence at the side-bar conference would have been "useless”
 
 (Snyder, supra,
 
 at 106;
 
 see, Morales, supra,
 
 at 455).
 

 Defendant’s contention that he did not "open the door” to the introduction of the 1989 conviction is unavailing. Defendant attempted to convince the jury that the presence of cocaine in one of the two vials he sold to the undercover officer was purely fortuitous or occurred without his knowledge; while he may have been a "hustler” and "con-artist” who passed off candy as crack, he was not a crack dealer.
 

 Where, as here, a defendant testifies to facts that are in conflict with evidence precluded by a
 
 Sandoval
 
 ruling, he or she "opens the door” on the issue in question, and "is properly subject to impeachment by the prosecution’s use of the otherwise precluded evidence”
 
 (People v Fardan,
 
 82 NY2d 638, 646). Defendant’s testimony that it was his practice to sell only fake crack was at odds with the facts underlying his prior conviction, which involved the sale of authentic crack. Once defendant testified that he could not have sold vials containing real crack here, the jury was entitled to know of the existence of evidence which refuted or cast doubt on that testimony
 
 (id.).
 
 Finally, the court gave proper limiting instructions in this case, cautioning the jury that the evidence of prior convictions
 
 *592
 
 could not provide a basis for evaluating defendant’s guilt
 
 (id.,
 
 at 646-647).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed.