■ The People of the State of New York, Respondent, v Michael Miller, Appellant. [633 NYS2d 811] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 5, 1993, convicting him of murder

in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court erred in permitting the prosecution to cross-examine him regarding an uncharged robbery which he and one of the victims committed in Virginia several days before the murders in this case. The cross examination on this matter was appropriate given the defendant's direct testimony in which he stated that the killings were precipitated by a dispute between himself and one of the victims regarding the drugs and money that constituted the proceeds of that robbery. Moreover, the challenged questioning provided pertinent background information and was relevant to the issues of the defendant's motive and intent in killing the two victims (see, People v Alvino, 71 NY2d 233; People v Collins, 220 AD2d 610; People v Webb, 203 AD2d 606; People v Ebanks, 203 AD2d 199; People v McDowell, 191 AD2d 515). Additionally, the trial court provided the jury with appropriate limiting instructions regarding the defendant's uncharged crimes (see, People v Davis, 169 AD2d 774). Accordingly, given the circumstances of this case and the unusual procedural posture in which the issue arose, we find that the questioning was properly permitted in the sound exercise of the trial court's broad discretion (see generally, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846; People v Griffin, 131 AD2d 779). Moreover, the probative value of the uncharged robbery outweighed its prejudicial effect (see generally, People v Alvino, supra; People v Ventimiglia, 52 NY2d 350).

We discern no basis in the record for disturbing the consecutive sentences imposed by the court (see, People v Truesdell, 70 NY2d 809; People v Sumpter, 203 AD2d 605; People v Suitte, 90 AD2d 80). Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.