■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE BRATHWAITE, Appellant. [655 NYS2d 766] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered September 1, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (2 counts) and criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

Defendant opened the door to the introduction of the details of an uncharged drug sale, which was also admissible to rebut defendant's agency and entrapment defenses and his related contentions (*People v Melendez*, 55 NY2d 445, 451-452; *People v Calvano*, 30 NY2d 199).

Defendant's presence was not required for the challenged sidebar conference, because it only concerned the legal issue of whether the prosecutor had a good faith basis for a question,

and did not involve a balancing of prejudice and probative value (*People v Rodriguez*, 85 NY2d 586, 591). Defendant's related claim that the court erred in permitting this inquiry without first conducting a *Ventimiglia* hearing is unpreserved as a matter of law (CPL 470.05 [2]). Were we to consider it in the interest of justice, we would find that the inquiry into defendant's prior drug sales was entirely appropriate in light of his entrapment and agency defenses, which may be rebutted by evidence showing criminal predisposition (*People v Calvano*, 30 NY2d 199, *supra*). Concur—Milonas, J. P., Wallach, Nardelli and Tom, JJ.