■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ELSTON, Appellant. [674 NYS2d 643] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 20, 1993, convicting defendant, after a jury trial, of three counts of robbery in the first degree, and sentencing him, as a second felony offender, to two concurrent terms of 5 to 10 years, to run consecutively to one term of 5 to 10 years, unanimously affirmed.

We reject defendant's claims that the court improperly modified or supplemented its *Sandoval* ruling, and that defendant was deprived of his right to be present at the purported supplementary *Sandoval* proceeding, because we find that there was no such supplementation. The People did not seek to elicit defendant's exclusion from public housing as an additional "bad act" impeaching his general credibility, but instead as impeachment of his testimony concerning his reason for changing his place of residence. The misconduct prompting the exclusion was thus only tangentially involved, and the nature of that misconduct was never revealed to the jury. The record is insufficient to establish defendant's absence from the subject sidebar (*see, People v Maher,* 89 NY2d 318, 325), and, in any event, this sidebar constituted legal argument not requiring defendant's presence (*People v Rodriguez,* 85 NY2d 586). The resulting single question about defendant's exclusion from public housing, which he answered in the negative, could not have caused him any prejudice.

.We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.