**Michael MILLER, Petitioner,**

v.

**Leonard A. PORTUONDO, Superintendent, Shawangunk Correctional Facility, Respondent.**

**No. 97 CV 2202 NG.**

United States District Court, E.D. New York.

June 29, 2001.

Michael Miller, pro se.

Melissa M. Beck, Brooklyn, NY, for respondent.

## ORDER

GERSHON, District Judge.

Petitioner was convicted after a jury trial in New York State Supreme Court, Kings County (Hall, J.), of two counts of Murder in the Second Degree in violation of N.Y.Penal Law § 125.25(1). Petitioner appealed his conviction to the Appellate Division, Second Department, raising claims that evidence of uncharged criminal activity had been improperly admitted and that petitioner's sentence was excessive. On November 13, 1995, the Appellate Division affirmed petitioner's conviction. *People v. Miller*, 221 A.D.2d 477, 633 N.Y.S.2d 811 (2d Dept.1995). On January 5, 1996, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Miller*, 87 N.Y.2d 923, 641 N.Y.S.2d 605, 664 N.E.2d 516 (1996). Then on April 15, 1907, petitioner moved the Appellate Division for a writ of error

*coram nobis*, claiming that his appellate counsel was ineffective because he failed to argue 1) that petitioner was denied the right to be present at a hearing pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), and 2) that the trial judge erred in not granting a mistrial because of an allegedly tainted jury. On September 15, 1997, the Appellate Division denied petitioner's *coram nobis* application. *People v. Miller*, 242 A.D.2d 591, 664 N.Y.S.2d 737 (2d Dept. 1997).

On April 24, 1997, prior to the Appellate Division's decision on petitioner's *coram nobis* application, petitioner filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. On July 8, 1997, I dismissed the petition without prejudice to refile after the disposition of his state court proceedings. Petitioner refiled his petition on September 26, 1997, claiming that he was denied the right to a fair trial by the admission of evidence of uncharged crimes, the right to be present at a material stage of the trial, and the right to effective assistance of appellate counsel because his appellate counsel failed to present the latter issue to the Appellate Division. On May 12, 1999, petitioner filed an amended petition adding his appellate counsel's failure to raise a jury tampering claim as a basis for his ineffective assistance of appellate counsel claim.

The sole issue at trial was whether petitioner acted in self-defense. It was not contested that petitioner, Raymond Withers, Anthony Alexander traveled to Virginia with Raymond Withers and Anthony Alexander to sell drugs. Further, it was undisputed that a portion of the cocaine and money disappeared and that petitioner and Mr. Withers got into arguments over this missing cocaine and money. Finally, it was undisputed that on November 15, 1992, petitioner shot and killed Mr. With-

ers and Tanya Stevenson. The People's evidence consisted primarily of forensic evidence and statements petitioner made to his brother and to the police. Petitioner's case consisted primarily of his testimony.

Prior to the trial, the trial judge held a *Sandoval* hearing, at which petitioner was present, to provide a prospective ruling on the prosecutor's use for impeachment purposes of defendant's prior criminal acts. *See People v. Sandoval*, 34 N.Y.2d 371, 372, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974). The trial judge admitted some of petitioner's twelve prior convictions and excluded others. Tr. 164–72. However, contrary to petitioner's claim, the trial judge did not address the admissibility of videotaped statements by petitioner's brother that petitioner and Mr. Withers stole 14 ounces of cocaine in Virginia. Rather, defense counsel moved to redact references to the robbery, and the trial judge granted this motion, finding that the statements were not necessary for the prosecution to prove its case. *See People v. Ventimiglia*, 52 N.Y.2d 350, 438 N.Y.S.2d 261, 420 N.E.2d 59 (1981); Tr. 178.

Pursuant to this ruling, the prosecutor did not introduce evidence of the robbery during the People's case. However, when petitioner testified, he stated that Mr. Alexander and Mr. Withers brought the drugs they sold in Virginia with them when they picked up petitioner in New York City. Tr. 384–84. Prior to cross-examining petitioner, the prosecutor sought to question petitioner about the robbery, arguing that petitioner had opened the door by stating that Mr. Alexander and Mr. Withers brought the drugs with them. Defense counsel argued that petitioner had not opened the door because petitioner was referring to the drugs they sold in Virginia generally and he indicated that he would not object to the prosecutor

asking where the 14 ounces of cocaine came from. Tr. 413–18. When the prosecutor asked petitioner where they obtained the 14 ounces of cocaine, petitioner responded that he and Mr. Withers had taken it. However, when the prosecutor asked petitioner what he meant by take, defense counsel objected. At a side bar, at which petitioner was not present, the prosecutor argued that, by claiming Mr. Alexander and Mr. Withers had brought the drugs to Virginia and minimizing his role on direct examination, petitioner had opened the door to cross-examination about his intent and motive. The prosecutor argued that, on direct examination, petitioner had portrayed himself as an employee of Mr. Withers in order to suggest that Mr. Withers was about to kill petitioner for stealing Mr. Withers' drugs, while the evidence that petitioner and Mr. Withers had stolen the drugs together showed that petitioner had the motive to kill Mr. Withers in retribution for stealing drugs that belonged to both of them. Tr. 431. The judge then permitted questions regarding the robbery as background and to rebut petitioner' suggestion that he lacked the motive and intent to kill. Tr. 439.

■ Petitioner first claims that admitting evidence of the robbery denied him due process. The erroneous admission of evidence does not rise to the level of a constitutional violation upon which a writ of habeas corpus may be issued unless the evidence "is so extremely unfair that its admission violates 'fundamental conceptions of justice.'" *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Jenkins v. Bara*, 663 F.Supp. 891, 899 (E.D.N.Y.1987). In this case, petitioner has failed to show that the trial court's admission of evidence was erroneous, let alone that it denied him a fair trial. The trial court properly admitted the evidence as background and to rebut

petitioner's suggestion that he lacked the motive or intent to kill, and the court properly limited any prejudicial effect by instructing the jury that this evidence was only to be used for this purpose, and not to infer that petitioner has a propensity to commit crimes. Tr. 589.

Petitioner next claims that he was denied the right to be present at a material stage of his trial. Petitioner failed to present this claim in state court, and he no longer has remedies available in state court. He cannot seek leave to appeal this claim to the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. *See Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991). Further, he cannot obtain collateral review because this claim could have been raised on direct appeal. *See id.* Petitioner's forfeiture in state court of this claim bars him from litigating the merits of this claim on habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See id.* at 121. In this case, petitioner claims that ineffective assistance of appellate counsel caused his default. Therefore, to determine whether petitioner has shown cause, this court must assess the merits of petitioner's claim that his appellate counsel was ineffective for failing to raise the presence at a material stage issue because "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Hernandez v. Edwards*, 2001 WL 575594 (S.D.N.Y.2001).

■ To establish ineffective assistance of appellate counsel, a petitioner must show that his appellate counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's

error, the outcome would have been different. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994); *see also Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner may not prevail on an ineffective assistance of appellate counsel claim merely by showing that counsel omitted a nonfrivolous argument, but he may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursing issues that were clearly and significantly weaker. *See Mayo,* 13 F.3d 528, 533 (2d Cir.1994). In this case, petitioner's appellate counsel was not ineffective because petitioner has not shown that the claims petitioner alleges appellate counsel should have raised were significant and obvious.

■ Under New York law, if a defendant is not present at a *Sandoval* or *Ventimiglia* hearing, the defendant is entitled to a new trial, even if the defendant failed to object. *See People v. Spotford,* 85 N.Y.2d 593, 597, 627 N.Y.S.2d 295, 650 N.E.2d 1296 (1995); *People v. Dokes,* 79 N.Y.2d 656, 662, 584 N.Y.S.2d 761, 595 N.E.2d 836 (1992). Furthermore, even if a defendant was present at an initial *Sandoval* hearing, he must be present at a subsequent hearing where the issue is considered *de novo. See Dokes,* 79 N.Y.2d at 659, 584 N.Y.S.2d 761, 595 N.E.2d 836. However, a side-bar conference to determine whether a defendant's testimony had opened the door to evidence that had been excluded at an earlier *Sandoval* hearing is not a material stage at which a defendant's presence is required. *See People v. Rodriguez,* 85 N.Y.2d 586, 588, 627 N.Y.S.2d 292, 650 N.E.2d 1293 (1995). This case falls under *Rodriguez* rather than *Spotford* and *Dokes* because the trial judge allowed the evidence of a prior robbery, which he had originally excluded, only after he found that petitioner's direct testimony had opened the door. Thus, petitioner's claim that he was not present at a material stage of the trial was not meritorious and his appellate counsel was not ineffective for failing to raise it. *See also Williams v. McCoy,* 7 F.Supp.2d 214, 220 (E.D.N.Y. 1998) (the right to be present at a *Sandoval* hearing is not a federal constitutional right but a right under New York law).

■ Petitioner also argues that his appellate counsel was ineffective for failing to argue that the trial judge erroneously denied petitioner's motion for a mistrial. Since this claim also is not significant and obvious, appellate counsel was not ineffective for failing to raise it. Prior to charging the jury, it came to the trial judge's attention that one of the alternate jurors, Miss Floyd, attended church with Mr. Withers' mother and had had contact with her. Further, Juror Floyd revealed that she informed two other jurors that a family member of the victim had sat behind her at church. Tr. 491, 497. The trial judge excused Juror Floyd, and conducted an inquiry with Jurors Catlett and Malich. Tr. 495, 498, 501. Jurors Catlett and Malich informed the court separately that Juror Floyd had told them she had run into someone at her church. Tr. 499, 502. Both Juror Catlett and Juror Malich indicated that nothing about the incident would prevent them from being fair jurors. Tr. 500, 502. Defense counsel then moved for a mistrial. Tr. 503. The trial judge denied the motion because the juror who had had the actual contact had been excused, and the other two jurors who had heard about the incident indicated that it would have no bearing on their ability to be fair and impartial. Tr. 504–505. In reaching her decision, the trail judge acted well within her discretion, and thus, petitioner was not denied effective assistance of appellate counsel by his appellate coun-

sel's failure to challenge this decision on appeal.

In sum, the admission of evidence of a prior robbery did not deny petitioner due process, petitioner has not shown cause for the procedural default of his claim that he was not present at a material stage of the trial, and petitioner's appellate counsel was not ineffective for failing to raise a claim that petitioner was not present at a material stage of the trial or for failing to challenge the trial judge's denial of trial counsel's motion for a mistrial.

A certificate of appealability is denied.

**SO ORDERED.**