■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDERICK FABRICIO, Appellant. [763 NYS2d 619] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 14, 1997, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing him to concurrent terms of 25 years to life, 12½ to 25 years and 5 to 15 years, respectively, affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly considered by the jury and there is no basis for disturbing its determinations.

Since defendant's suppression motion was made on completely different grounds from those raised on appeal, his present challenges to the admissibility of his written statement are unpreserved (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]) and we decline to review them in the interest of justice. Were we to review these claims, we would find that neither defendant's alleged inability to understand English, nor any of the circumstances under which the written statement was obtained, impaired the statement's admissibility (*see People v Montero*, 273 AD2d 128 [2000], *lv denied* 95 NY2d 868 [2000]; *People v Ventura*, 250 AD2d 403 [1998], *lv denied* 92 NY2d 931 [1998]). Questions were asked in English and translated into Spanish by a bilingual officer, who translated defendant's answers into English. A stenographer recorded and transcribed the interview in English. The interpreting officer then read the transcript to defendant verbatim in Spanish, before defendant adopted it by signing it. The accuracy of the officer's translation was a factual question that was properly resolved by the jury.

Defendant was not denied his right to be present at a material stage of his trial by his alleged exclusion from a sidebar conference. The record is insufficient to establish defendant's inability to hear and participate in the sidebar (*see People v Elston*, 251 AD2d 109 [1998], *lv denied* 92 NY2d 981 [1998]). In any event, the conference concerned a pure issue of law as to whether the prosecutor had a good faith basis for questioning defendant about a prior inconsistent statement (*see People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Brathwaite*, 238 AD2d 125 [1997], *lv denied* 90 NY2d 891 [1997]).

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]). Defendant was not deprived of effective assistance by trial counsel's failure to request that the court charge the jury on the affirmative defense to felony murder (Penal Law § 125.25 [3]), as there was no reasonable view of the evidence to support that defense. In any event, even if defendant had been entitled to such a charge, there was a legitimate tactical basis for declining to request it, since it could have undermined defendant's main strategy.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.

Rosenberger, J., dissents in a memorandum as follows: Due process requires that a defendant in a criminal case be present at and be able to participate in all material stages of the proceedings (*see* US Const 6th, 14th Amends; NY Const, art I, § 6; *see also Snyder v Massachusetts*, 291 US 97, 105-106 [1934]; *People v Mullen*, 44 NY2d 1, 4-5 [1978]). The right to be present applies to those parts of the proceedings in which the defendant's participation is crucial, that is "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" (*Snyder v Massachusetts*, 291 US 97, 105-106 [1934]). The right extends to *Sandoval* hearings (*People v Dokes*, 79 NY2d 656, 662 [1992]). As the Court in *Dokes* noted, the purpose of a *Sandoval* hearing is to determine the extent to which the prosecution may be permitted to seek to impeach a defendant through cross-examination about prior crimes and bad acts (*People v Sandoval*, 34 NY2d 371 [1974]). Because of the number of factors to be considered in a *Sandoval* hearing—including, among other things, the nature of the conduct to be inquired about, the factual circumstances surrounding the conduct, and the accuracy of the prosecution's assertions, particularly with respect to uncharged bad acts, among other things—"the potential for meaningful participation by the defendant during the determination of the merits of a *Sandoval* motion is apparent" (*Dokes*, 79 NY2d at 661).

There is no question but that the sidebar conference in this case, held in the middle of the prosecution's cross-examination of defendant, among the court, defense counsel and the prosecuting attorney, "out of the hearing of the jury," constituted a *Sandoval* hearing. The prosecution sought to cross-examine defendant about an alleged prior, uncharged robbery. The Assistant District Attorney described statements allegedly made by defendant concerning that robbery to the court and to defense counsel at the sidebar while defendant sat on the witness chair, away from the discussion. Furthermore, even if defendant could conceivably have heard the discussion, it was unlikely he could understand it since it was conducted in English, and the record reflects that defendant spoke only Spanish. Finally, even if, hypothetically, he could have heard and understood the discussion, he was afforded no opportunity to participate—the crucial element in the right to be present—in the proceeding. He had no opportunity to challenge—out of the jury's hearing (bearing in mind that he was in the witness chair and the jury was present)—the prosecution's assertions about the alleged uncharged robbery. The result was that the court's decision as to whether to permit such questioning was necessarily, albeit

inappropriately, "predicated on the prosecutor's 'unrebutted view of the facts' " (*Dokes*, 79 NY2d at 661, quoting *People v Ortega*, 78 NY2d 1101, 1103 [1991]).

Because the *Sandoval* hearing was conducted in defendant's absence—or, at the very least, without affording defendant the possibility of participating in this material stage of the trial—the judgment should be reversed and the case remanded for a new trial.