**Rhonda COVINGTON, Petitioner–Appellant,**

v.

**Elaine A. LORD, Superintendent, Bedford Correctional Facility, Respondent–Appellee.**

No. 03–2545.

United States Court of Appeals, Second Circuit.

Nov. 8, 2004.

Marsha R. Taubenhaus, New York, NY, for Appellant.

John M. Castellano, Assistant District Attorney (Richard A. Brown, District Attorney, Queens County), Kew Gardens, NY, for Appellee.

PRESENT: OAKES, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

The petitioner, Rhonda Covington, appeals from a judgment of the district court denying her application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 with respect to her 1987 conviction for murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree in the Supreme Court of New York, Queens County. *Covington v. Lord,* 275 F.Supp.2d 352 (E.D.N.Y.2003). Covington asserts that she was denied a public trial because the state trial court barred her six-year-old son from the courtroom. She contends that she was denied the effective assistance of appellate counsel because her lawyer on the direct appeal failed to challenge the effectiveness of her trial counsel who, Covington argues, improperly waived her right to appear at her *Sandoval* hearing and ten bench or chambers conferences.

Reviewing *de novo* the denial of Covington's petition, *Coleman v. United States,* 329 F.3d 77, 81 (2d Cir.2003), we find no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d), suggesting that the Sixth Amendment right to a public trial requires that a defendant's young child be admitted to the courtroom. Covington seeks to bring her case within the framework of *Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), in

which the Supreme Court held that a criminal proceeding may be closed to the public over the defendant's objection only upon satisfaction of a four-part test, *id.* at 48, 104 S.Ct. 2210. But *Waller,* which involved the closure of a hearing to the *entire* public, *id.* at 42, 104 S.Ct. 2210, is inapposite here, where the court excluded *only* Covington's son. And while the *Waller* Court noted that the public trial guarantee is "for the benefit of the defendant," the "benefit" it referred to is the insurance public access provides of a fair trial. *Waller,* 467 U.S. at 46, 104 S.Ct. 2210 (citation and internal quotations omitted). Covington does not suggest that the integrity of her trial was tainted by the trial court's action. In short, the closure here—assuming that term is apt—was "too trivial" to warrant the relief Covington seeks. *See Peterson v. Williams,* 85 F.3d 39, 42 (2d Cir.1996).

As for Covington's ineffective assistance claim, it is far from clear as a matter of federal law that a defendant has an absolute right to be present at every stage of her trial. *See Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Covington relies on *People v. Dokes,* 79 N.Y.2d 656, 584 N.Y.S.2d 761, 595 N.E.2d 836 (N.Y.1992), for the proposition that she had a right to be present at her *Sandoval* hearing as a matter of New York state law. As she concedes, however, *Dokes* was decided six years after her conviction and nearly three years after she was denied leave to appeal to the Court of Appeals. And while that case may not have "broke[n] any new legal ground," *People v. Favor,* 82 N.Y.2d 254, 264, 604 N.Y.S.2d 494, 624 N.E.2d 631 (N.Y.1993), it created an explicit exception for situations such as this, "where the nature of the defendant's criminal history and the issues to be resolved at the *Sandoval* hearing render the defendant's presence superfluous," *Dokes,* 79 N.Y.2d at 662, 584 N.Y.S.2d 761, 595 N.E.2d 836.

Accordingly, Covington has failed to demonstrate that her trial attorney made an error of law or of judgment by choosing to waive her presence at the *Sandoval* hearing and at the various bench or chambers conferences. By extension, it cannot have been error for her appellate attorney not to have raised this issue on appeal, nor can Covington have been unfairly prejudiced thereby. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.