**Robert O'CONNOR, Petitioner–Appellant,**

v.

**Robert KUHLMAN, Dennis Vacco, Respondents–Appellees.**

**No. 05–5011–pr.**

United States Court of Appeals, Second Circuit.

March 13, 2008.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Lisa Fleischmann, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York; Robin A. Forshaw, Deputy Solicitor General, on the brief), New York, NY, for Respondents–Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Robert O'Connor appeals from a judgment denying his petition, brought pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus arising from his 1988 conviction of rape in the first degree and sodomy in the first degree by the Supreme Court of New York State, New York County. *See O'Connor v. Kuhlman*, No. 97 Civ. 2914, 2005 WL 2063817, 2005 U.S. Dist. LEXIS 18277 (S.D.N.Y. Aug. 25, 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

O'Connor contends that he was denied the effective assistance of appellate counsel because his attorney: (1) failed to provide the state appeals court with the transcript of a hearing on the admissibility of O'Connor's prior convictions and (2) neglected to raise O'Connor's absence from a portion of that hearing, purportedly a material stage of the trial, on direct appeal. O'Connor pressed these grounds for finding ineffective assistance of counsel on two error coram nobis petitions, which were denied by the New York State Supreme Court, Appellate Division, First Department, on October 4, 1988 and March 18, 2004. While the Appellate Division did not provide an explanation of its grounds for denying the petitions, those denials nevertheless constitute an adjudication of O'Connor's claims on the merits. *See, e.g., Jimenez v. Walker*, 458 F.3d 130, 141 (2d Cir.2006). Accordingly, we review that adjudication to determine whether it "(1) re-

sulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Jimenez*, 458 F.3d at 141.

To prove ineffective assistance of counsel, a defendant must demonstrate that (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. Courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one" and need not consider the first *Strickland* component before turning to the second. *Id.* at 697, 104 S.Ct. 2052.

O'Connor claims that his appellate counsel erred by failing to submit on direct appeal the transcript of a pre-trial hearing, held pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), on the admissibility for impeachment purposes of O'Connor's prior criminal record. Because of this omission, O'Connor urges, the state appeals court was unable to confirm that trial counsel had, in fact, requested a "*Sandoval* compromise," under which the fact of O'Connor's prior convictions, but not the underlying details, could be used for impeachment.[1] The record is devoid, however, of any evidence showing that the

---

1. O'Connor also maintains that, without the transcript, the state appeals court was unable to uncover the trial court's alleged misstatement of the *Sandoval* balancing standard.

Because this purported misstatement was not argued on direct appeal, the omission of evidence allegedly in support thereof could not have prejudiced O'Connor's appeal.

transcript would have played a material role in the state appeals court's adjudication of O'Connor's *Sandoval* challenge. On appeal, O'Connor disputed the trial court's *Sandoval* ruling on the ground that it improperly permitted cross-examination on a prior conviction that was too remote in time and too similar to the crime at issue. In the course of making this argument, O'Connor's appellate brief referenced, *inter alia*, trial counsel's request for a *Sandoval* compromise. While it is true that the state disputed whether such a compromise was ever requested, the state did not rest its opposition to O'Connor's challenge on that basis and defended at length the trial court's *Sandoval* ruling on the merits. There is no reason to assume, based on the record before us, that the question of whether trial counsel proposed a *Sandoval* compromise was central to the resolution of the claim on appeal. Accordingly, O'Connor cannot demonstrate any prejudice from his attorney's failure to submit the transcript, because he has not shown that there is a "reasonable probability" that, but for the transcript's omission, his conviction would not have been affirmed on appeal.

In addition, O'Connor asserts that his appellate counsel was ineffective for failing to raise O'Connor's exclusion from a purported material stage of the trial: a sidebar conference held during the *Sandoval* hearing. Appellate counsel's omission of this claim did not run afoul of an "objective standard of reasonableness" for at least two reasons. First, " 'counsel does not have a duty to advance every nonfrivolous argument that could be made' " on direct appeal of a criminal conviction, *Clark v. Stinson,* 214 F.3d 315, 322 (2d Cir.2000) (quoting *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994)), and O'Connor has not shown "that counsel omitted significant and obvious issues while pursuing issues

that were clearly and significantly weaker," *id.* Second, a reasonably competent attorney would be excused for not pressing this argument in 1988, as the New York State Court of Appeals decision setting forth a defendant's right to be present at a *Sandoval* hearing, *People v. Dokes,* 79 N.Y.2d 656, 584 N.Y.S.2d 761, 595 N.E.2d 836 (1992), was issued in 1992 and, even then, addressed a defendant's exclusion from the entire *Sandoval* proceeding, not simply a sidebar conference held during the course of that proceeding. Moreover, the New York Court of Appeals explained that when "determining whether a defendant has a right to be present during a particular proceeding, a key factor is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position." *Dokes,* 79 N.Y.2d at 660, 584 N.Y.S.2d 761, 595 N.E.2d 836. It is not clear from the record that the discussion at sidebar involved factual matters within O'Connor's "peculiar knowledge" rather than a review of the allegations underlying the criminal charges O'Connor faced at that proceeding. Accordingly, O'Connor's appellate counsel cannot be faulted for not advancing a novel—and possibly meritless—claim on direct appeal.

For the reasons set forth above, we conclude that O'Connor has not demonstrated that (1) counsel's omission of the *Sandoval* transcript prejudiced his appeal or (2) counsel's decision not to raise O'Connor's exclusion from the *Sandoval* sidebar conference was objectively unreasonable under applicable law. Accordingly, O'Connor cannot satisfy the test set forth in *Strickland* for proving ineffective assistance of counsel, much less show that the Appellate Division's resolution of his ineffective assistance claims was "contrary to,

or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d). We therefore AFFIRM the judgment of the District Court.