People v Crowe (2018 NY Slip Op 08951)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Crowe

2018 NY Slip Op 08951

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-05571
(Ind. No. 14-00064)

[*1]The People of the State of New York, respondent,
vPatrick Crowe, appellant.

Mark Diamond, New York, NY, for appellant, and appellant pro se.
Thomas P. Zugibe, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Rolf M. Thorsen, J.), rendered June 10, 2015, convicting him of predatory sexual assault against a child and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence supporting his convictions was legally insufficient is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the County Court's determination to admit expert testimony about child sexual abuse accommodation syndrome (see People v Spicola, 16 NY3d 441, 465; People v Carroll, 95 NY2d 375, 387; People v Taylor, 75 NY2d 277, 288; People v Fonseca, 121 AD3d 915, 916; People v Green, 92 AD3d 894, 896; People v Rich, 78 AD3d 1200, 1202).
The County Court providently exercised its discretion in denying the defendant's request to retain, at public expense, an expert to aid in his defense, since he failed to establish extraordinary circumstances to justify the expenditure, which would have exceeded the statutory limit of $1,000 (see County Law § 722-c; People v Ganntt, 159 AD3d 986; People v Clarke, 110 AD3d 1341, 1342).
Contrary to the defendant's contention, the jury was properly instructed by the County Court to consider each count separately in determining whether the People had proven the defendant's guilt beyond a reasonable doubt, which instruction we may presume was followed (see [*2]People v Mooney, 62 AD3d 725, 726; People v Nelson, 133 AD2d 470, 470; People v Clark, 129 AD2d 724, 725).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the County Court providently exercised its discretion in denying his for-cause challenge to a prospective juror (see CPL 270.20[1][b]; People v Chambers, 97 NY2d 417, 419; People v Hewitt, 95 AD3d 1358, 1359; People v Johnson, 40 AD3d 1011, 1011-1012).
The defendant's contention, raised in his pro se supplemental brief, that his alleged exclusion from two sidebar bench conferences resulted in a violation of his fundamental right to be present at all material stages of trial is without merit (see People v Fabricio, 307 AD2d 882, 883, affd 3 NY3d 402). The record demonstrates that the sidebar conferences either involved purely legal matters, at which the defendant's presence was not required (see People v DePallo, 96 NY2d 437, 443; People v Rodriguez, 85 NY2d 586, 590-591; People v McCrae, 1 AD3d 612), or matters in which there was no "potential for the defendant to meaningfully participate in the subject discussions" (People v Fabricio, 3 NY3d at 406; see People v Dokes, 79 NY2d 656, 660).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based entirely on matter outside the record, and thus, that contention must be raised by way of a CPL 440.10 motion (see People v Fields, 132 AD3d 1012, 1012-1013; People v Freeman, 93 AD3d 805, 806).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court