■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY F. CHICHESTER, Appellant. [602 NYS2d 932] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered September 30, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant's conviction of murder in the second degree pursuant to Penal Law § 125.25 (2), i.e., "depraved indifference" murder, arose out of the fatal stabbing of one Mary Ann Meola, either on January 7, 1989, or during the early morning hours of January 8, 1989. The proof of the defendant's guilt was based solely on circumstantial evidence.

Among the numerous grounds raised by the defendant on appeal, we find that one mandates a reversal of his conviction.

Specifically, we agree with the defendant's contention that his right to be present at all material stages of the trial was violated when the trial court conducted a Sandoval hearing in his absence (see, People v Dokes, 79 NY2d 656; US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; see also, People v Favor, 82 NY2d 254).

The purpose of a *Sandoval* hearing is to obtain a determination from the court as to "the extent to which the defendant, if he testifies, will be subject to impeachment by cross-examination about prior bad acts" *(People v Dokes, supra,* at 660). Accordingly, as the Court of Appeals has stated:

"Given the number of factors that are relevant to the court's decision, the potential for meaningful participation by the defendant during the determination of the merits of a *Sandoval* motion is apparent. For example, the defendant is in the best position to point out errors in the DCJS report, to controvert assertions by the prosecutor with respect to uncharged acts and to provide counsel with details about the underlying facts of both charged and uncharged acts. In short, the defendant's presence will help to ensure that the court's determination will not be predicated on the prosecutor's 'unrebutted view of the facts' *(People v Ortega,* 78 NY2d 1101, 1103).

"The importance of the defendant's ability to participate in this proceeding is compounded by the significance of the court's determination. The court's ruling on the permissible scope of cross-examination about prior bad acts is often the pivotal factor in the defendant's determination whether to testify. Thus, except in circumstances where the nature of the defendant's criminal history and the issues to be resolved at the *Sandoval* hearing render the defendant's presence superfluous, the hearing should not be conducted without the presence of the accused" *(People v Dokes, supra,* at 661-662).

At the *Sandoval* hearing conducted in the instant case, the defendant was not offered the opportunity to meaningfully participate and assist counsel in several challenges to the accuracy of the People's information concerning the defendant's criminal background.

Although the court rendered a decision after the *Sandoval* hearing which was in favor of the defendant, it immediately modified its determination when it told the Assistant District Attorney that if the defendant took the stand, it would "reconsider" its "present decision" with respect to a 1988 incident which was discussed at the *Sandoval* hearing in the defendant's absence.

Since this error is not subject to principles of harmless error or preservation *(see, People v Mehmedi,* 69 NY2d 759, 760-761), a new trial is required.

We have examined the defendant's remaining arguments and find them to be without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.