■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COLUCCI, Appellant. [605 NYS2d 997] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree, sexual abuse in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, defendant contends that he did not knowingly and intelligently waive his right to a jury trial. That contention lacks merit *(see, People v Burnett,* 136 AD2d 888, *lv denied* 70 NY2d 1004; *see also, People v Simmons,* 182 AD2d 1018; *People v Watson,* 162 AD2d 360, 361). Defendant is not entitled to reconstruction of the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371). Even assuming that a *Sandoval* hearing was conducted, which the record does not disclose, defendant's presence would have been "wholly superfluous"; because defendant testified at trial and there was no cross-examination with respect to any prior convictions or bad acts, "it cannot reasonably be said that there was any potential for additional meaningful input by defendant" *(People v Smith,* 82 NY2d 254, 268; *see, People v Knowlin,* 198 AD2d 873 [decided herewith]). The verdict with respect to rape in the first degree and assault in the second degree was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The court did not improperly

restrict defendant's cross-examination of the chief prosecution witness, and defendant's sentence is not harsh or excessive. Defendant's remaining contentions are unpreserved for our review and we decline to reach them in the interest of justice. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Rape, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.