THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD KNOWLIN, Appellant. [605 NYS2d 998] —Judgment unanimously affirmed. Memorandum: During jury selection in defendant's trial on the charge of murder in the second degree, the court conducted a side-bar conference with a potential juror outside defendant's presence. In *People v Antommarchi* (80 NY2d 247, 250, *rearg denied* 81 NY2d 759), the Court of Appeals held that the court may not conduct such side-bar conferences to "explore prospective jurors' backgrounds and their ability to weigh the evidence objectively unless defendant is present". Here, however, jury selection was conducted prior to the decision in *Antommarchi* and, consequently, there was no statutory violation of defendant's right to be present at a material stage of his trial *(see,* CPL 260.20) as that right was understood prior to October 27, 1992 *(see, People v Mitchell,* 80 NY2d 519, 529; *People v Burgos,* 195 AD2d 978). Moreover,

because the questioning of the prospective juror "involved matters of general bias or hostility", there was likewise no constitutional violation *(People v Mitchell, supra,* at 529). Additionally, although defendant was not present at the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371), reversal is not required. The court's *Sandoval* ruling was entirely favorable to defendant; thus, defendant's presence at the hearing would have been "wholly 'superfluous' " *(People v Smith,* 82 NY2d 254, 268; *see, People v Colucci,* 198 AD2d 825 [decided herewith]). Finally, we find that the sentencing court did not abuse its discretion in imposing a term of 8⅓ years to 25 years upon defendant's conviction for manslaughter in the first degree. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.