OPINION OF THE COURT
Daniel Palmieri, J.
The defendant moves pro se for an order pursuant to CPL 440.10 (1) (f) and (h) vacating the judgment against him. He contends that his trial counsel was ineffective in that he failed to advise the defendant he had the right to be present at his Sandoval hearing, that the hearing was not placed on the record, and that he did not testify at his trial on the advice of counsel, all of which prejudiced the defendant resulting in his conviction. The People oppose the motion.
PROCEDURAL HISTORY
On January 11, 1982, the defendant was indicted for the crimes of two counts of murder in the second degree, the first charging intentional murder (Penal Law § 125.25 [1]) and the second charging felony murder (Penal Law § 125.25 [3]), burglary in the second degree (Penal Law § 140.25 [2]) and conspiracy in the second degree (Penal Law § 105.15). The defendant was convicted of the felony murder and burglary charges and acquitted of intentional murder after a jury trial and on June 1, 1983 was sentenced to concurrent indeterminate terms of imprisonment of 25 years to life and 5 to 15 years for murder and burglary respectively.
The defendant then appealed his conviction to the Appellate Division, Second Department. The conviction was affirmed. *25 (People v Powell, 167 AD2d 432 [2d Dept 1990].) Leave to appeal to the Court of Appeals was denied on February 12, 1991. (People v Powell, 77 NY2d 881 [1991].)
On July 24, 1990, the defendant filed a petition for a writ of habeas corpus in the United States District Court, Eastern District claiming he was denied the right to a timely appeal. In a decision dated November 25, 1991, the District Court (Platt, J.) denied the application. (Powell v Kelley, 90-CV 2777 [ED NY 1991].)
In 1992 the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 on the grounds that (1) he was denied effective assistance of counsel, (2) he was denied a fair trial by the exclusion of exculpatory evidence, (3) the prosecutor improperly excluded all black jurors, and (4) he was denied the right to be present during questioning of jurors in violation of People v Antommarchi (80 NY2d 247 [1992]). That motion was denied by a Judge of this court.
STATEMENT OF FACTS
Defendant’s conviction stems from the murder of an 81-year-old invalid, Mildred Cotter, on October 18, 1981, in Port Washington, Nassau County, New York. The defendant agreed to help his codefendant Andre Cartier burglarize the victim’s apartment. During the burglary Ms. Cotter was beaten and strangled to death. Another codefendant, Mary Bowen, who was Ms. Cotter’s personal care aide, had provided codefendant Cartier with the keys to Cotter’s apartment. Codefendant Bowen was the joint owner with Ms. Cotter of a bank account with a $38,680.09 balance at the time of the murder. Defendant’s motion for a Sandoval hearing was denied with leave to renew at the conclusion of preliminary hearings. Defendant initially argued that such a hearing was held and that he was denied his right to be present, however, his reply papers contend one was never held and this demonstrates a lack of effective counsel.
To support these claims, defendant submits a portion of a transcript of a pretrial suppression hearing wherein a day after an off-the-record side bar discussion, defendant’s attorney makes an on-the-record statement that defendant has opted not to testify at that hearing and thus rests.
Absent from the moving papers are any references, by transcript, sworn statement or otherwise, to a Sandoval hearing having taken place, whether defendant was present, or the ruling thereon.
*26 CONCLUSIONS OF LAW
The defendant’s motion to vacate the conviction against him and set aside the sentence is denied. In reaching its determination the court has considered all the papers submitted by the parties as well as the court file.
It has now been determined that a defendant must be present at a Sandoval hearing (People v Dokes, 79 NY2d 656 [1992]) and that there shall be retroactive application of such right (People v Favor, 82 NY2d 254 [1993]). However, the following issues must be addressed in order to decide the defendant’s motion: (1) Has the defendant met his burden of proof on the instant application demonstrating either that a new trial or an evidentiary hearing on his allegations is warranted (CPL 440.30 [1]); (2) Must a hearing be held as to the issue of whether a Sandoval hearing was ever held when the record is silent on the issue; (3) May the defendant revisit his claim of denial of effective assistance of counsel, based on a change in the law regarding the defendant’s right to be present at a Sandoval hearing when a hearing was not held?
Although the Court of Appeals has not yet dealt with the specific situation raised here its manner of dealing with similar applications is instructive. Here the claimed error is the failure of the defendant to be present at a Sandoval hearing raised through the mechanism of a motion to vacate judgment rather than on direct appeal. The issue could not have been raised as a direct appeal inasmuch as the law was not then as it is now. (CPL 440.10 [2] [a].)
- In dealing with motions to vacate for Rosario violations (People v Jackson, 78 NY2d 638 [1991]) and Brady violations (People v Vilardi, 76 NY2d 67 [1990]), the Court of Appeals adopted the test of "reasonable possibility” that the error contributed to the conviction. Using the same analysis as guidance it seems appropriate to require a defendant to meet a similar burden when moving to vacate a judgment based on the retroactive application of the right to be present at a Sandoval hearing. (See, People v Favor, supra.)
There have been a number of appellate decisions pertaining to this issue, with the outcome dependent on the specifics of each case. In all of these other cases, the fact that a Sandoval hearing was held was undisputed. The issues were whether the defendant was present (People v Michalek, 82 NY2d 906 [1994]; People v Chichester, 197 AD2d 699 [2d Dept 1993]), would the defendant’s presence have been superfluous (People v Dokes, *27 supra, at 662; People v Law, 199 AD2d 282 [2d Dept 1993]) or whether the outcome was less than favorable to the defendant (People v Odiat, 82 NY2d 872 [1993]; People v Jackson, 203 AD2d 303 [2d Dept 1994]). Here the defendant argues because his attorney failed to request a Sandoval hearing at which he now, retroactively, would have had a right to be present, he is entitled to a new trial.
CPL article 440 provides guidelines for determining post-judgment motions. CPL 440.10 (2) (a) requires a court to deny a motion to vacate judgment when "the ground or issue raised upon the motion was previously determined on the merits upon an appeal * * * unless * * * there has been a retroactively effective change in the law controlling such issue.” Although it would seem that the change in the law applicable to Sandoval hearings should minimally require a hearing, CPL 440.30 (4) Ob) provides that the court may deny the motion upon considering the merits without conducting a hearing if the motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts as required by subdivision (1).
CPL 440.10 (1) (f) and (h) provide in pertinent parts that a court may vacate a judgment of conviction on the ground that: (f) "[i]mproper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom” and (h) "The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States”.
In Favor (supra), the Court of Appeals ruled the defendant was entitled to a new trial as the record was clear that the defendant was not present at the Sandoval hearing and the outcome of the hearing was not wholly favorable to the defendant. (People v Favor, supra, 82 NY2d, at 267.) In the present case there is no evidence of a Sandoval hearing having been held, nor is there any evidence of an unfavorable decision to the defendant. In Chichester (supra), the appellate court on direct appeal ordered a new trial where the record clearly indicated the defendant was not present at the Sandoval hearing on the grounds "the defendant was not offered an opportunity to meaningfully participate and assist counsel in several challenges to the accuracy of the People’s information concerning the defendant’s criminal background.” (People v Chichester, supra, 197 AD2d, at 700.)
*28 In the present case, the record is silent as to whether a Sandoval hearing was ever conducted. A motion premised upon CPL 440.10 (1) (f), the improper and prejudicial conduct ground, requires the defendant to show actual prejudice as a prerequisite for relief. (People v Jackson, 78 NY2d 638 [1991].)
Where the statutory authority for relief requires a showing of prejudice as a basis for relief (as in this case), sworn allegations must directly address those matters or the motion is subject to summary denial. (People v Friedgood, 58 NY2d 467 [1983].) Although Dokes (supra) does not require a showing of prejudice, in this case a showing of prejudice is necessary to support the premise that a hearing was held, that the defendant was not in attendance and that his presence would not have been superfluous. Additionally, the defendant has failed to state the outcome of the alleged Sandoval hearing indicating to this court what, if any, prejudice he incurred by not being present at a Sandoval hearing. Without providing this information the defendant has failed to meet his burden of proof.
In People v Collucci (198 AD2d 825 [4th Dept 1993]) on direct appeal, the Court held the defendant was not entitled to a reconstruction hearing because the issue of whether the defendant was present or not was wholly superfluous as the defendant had testified at trial and there was no cross-examination with respect to any prior convictions or bad acts. This decision clarifies the point that the defendant’s presence at the hearing is only essential where his presence would not be superfluous. In the present case, where the defendant has failed to indicate the ruling of the alleged Sandoval hearing, the court cannot speculate as to whether the defendant’s presence would have been superfluous had a hearing ever been held, consequently the defendant’s papers are insufficient. Lacking any other sworn allegations of evidentiary fact a hearing is not warranted on the issue. (People v Friedgood, supra.)
CPL 440.30 authorizes this court to deny the motion where an essential allegation is made solely on the oath of the defendant and is unsupported by any other affidavit or evidence in which circumstances the court may conclude, without a hearing, that there is no reasonable possibility the allegation is true. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 443.30, at 579-580; People v Mills, 194 AD2d 1016 [3d Dept 1993].) The defendant has failed to provide such documentation. The record provided by the defendant pertains to a pretrial suppression hearing, not the actual trial. The defendant has misused these transcripts to support his *29 contention that he did not testify on his own behalf at his trial. The defendant’s contention is not supported by the record.
Conclusory allegations of ultimate fact do not require a hearing. (People v Brown, 56 NY2d 242 [1982].) To warrant a hearing a defendant must submit sworn allegations of evidentiary fact, not in the record, sufficient to overcome the presumption of regularity and create a genuine issue as to the validity of the conviction. (People v Crippen, 196 AD2d 548, 549 [2d Dept 1993], lv denied 82 NY2d 848 [1993].) "There is a presumption of regularity which attaches to a judgment of conviction”. (Citing Fisch, Evidence § 1133 [2d ed 1977].) In order to overcome that presumption and entitle a defendant to a hearing on a motion to vacate the judgment pursuant to CPL 440.10, the defendant has the burden of coming forward with allegations sufficient to create an issue of fact as to matters not appearing on the record of the underlying conviction. (People v Crippen, supra, at 549.) As in Crippen, the defendant here has failed to meet his burden in that the defendant has failed to produce any evidence to support the proposition that a Sandoval hearing was ever held. The defendant points out in his reply papers that "there is nothing in the record to suggest that such a hearing was ever held. Nor is there any notation, on the court file, suggesting the result. The record is consistent with the belief that the defendant was simply denied his right to even have a Sandoval hearing * * * Defense counsel according to the record never renewed his application for a Sandoval hearing.” (Defendant’s reply, at 13.) The defendant has attempted to reargue his claim of ineffective counsel on the ground that he was not present at a Sandoval hearing, which there is no hint of it having been held. The defendant must show that the nonrecord facts sought to be established are material and would entitle him to relief. (People v Satterfield, 66 NY2d 796 [1985].) The defendant has not met this showing in failing to provide any of the details regarding an alleged Sandoval hearing. A defendant must put forth nonconclusory, nonspeculative allegations sufficient to create a real factual issue going to "the likelihood of a similar verdict being rendered if there were an enlargement of the evidence on the principal issue.” (People v Crimmins, 38 NY2d 407, 419 [1975].)
The defendant’s papers are insufficient to warrant either a vacating of the conviction or a hearing on the issue of whether the defendant was present at the Sandoval hearing because the supporting papers fail to specify whether the defendant’s attorney ever renewed his request for a Sandoval *30 hearing, whether there was a hearing, the result of the hearing, or what the defendant was advised by his attorney regarding the outcome of the hearing.
It is not necessary to reach or to rule on the issue of whether the defendant is precluded from renewing his argument pertaining to ineffective counsel because that could have been raised on the prior motion to vacate and rather than seeking to renew or reargue the previously determined motions, defendant has chosen to cloak this motion under the guise of lack of presence. Defendant is seeking to raise a Dokes issue, without a shred of evidence to support his motion.
The defendant raises various other grounds to support his contention of lack of effective counsel which this court will not address as these issues have already been determined in the prior motion to vacate.
The defendant has the burden of coming forward with allegations sufficient to create an issue of fact as to matters not appearing on the record of the underlying conviction. The defendant has failed in his initial burden and has not submitted any evidence as to how he was prejudiced by his failure to be present at the alleged Sandoval hearing, which would tend to support his absence therefrom. For failure to sustain his burden of proof that issues of fact outside the record existed, sufficient to entitle him relief pursuant to CPL 440.10, the motion is denied in its entirety.