■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUIZ, Appellant. [636 NYS2d 770] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered April 14, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

As the People concede, the court erred in declining to submit

criminal possession of a controlled substance in the seventh degree as a lesser included offense of the criminal possession of a controlled substance in the third degree count. However, the error was harmless (*see, People v Jackson*, 166 AD2d 356, *lv denied* 77 NY2d 839). In its consideration of the sale count, it is clear the jury credited the undercover officer's testimony that defendant had passed a glassine envelope to his accomplice and received the sale proceeds. It would be irrational to find that the jury, in considering the possession count, would have credited defendant's claim that he had purchased the other two glassines for his personal use, entailing rejection of the same testimony of the undercover officer. The verdict itself implies that the error did not affect the result (*cf., People v Ribowsky*, 77 NY2d 284, 292).

We perceive no abuse of discretion in sentencing since defendant was adjudicated as a second felony offender and the minimum term for each count was $4^{1}/_{2}$ to 9 years (Penal Law § 70.06 [3], [4]); the imposition of concurrent 5 to 10 year terms was not excessive. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.