■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN DE CHELLIS, Appellant. [697 NYS2d 711] —Mercure, J. P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered March 2, 1998, upon a verdict convicting defendant of the crimes of criminal mischief in the third degree and criminal contempt in the second degree.

On August 27, 1997, the Tompkins County Sheriff's Department received a complaint that defendant was at his former wife's house in violation of an order of protection. Defendant was taken into custody and placed in the back of a patrol vehicle. While confined in the vehicle, defendant smashed its backseat side windows with his head and feet. Following a trial, a jury found defendant guilty of criminal contempt in the second degree and criminal mischief in the third degree, and County Court sentenced defendant as a second felony offender to concurrent sentences aggregating 2 to 4 years, to be executed as a sentence of parole supervision under CPL 410.91. Defendant appeals.

The contentions advanced on appeal are devoid of merit and warrant little discussion. First, based upon the uncontroverted eyewitness testimony of Sheriff's Deputy Scott Ferris that defendant was verbally combative, repeatedly hit his head against the patrol vehicle's window and kicked the windows out of the back of the patrol car, the jury was entitled to conclude that defendant intended to damage the vehicle. Further, evidence that it cost $692.95 to have the damage repaired established that the damage exceeded the statutory threshold (*see*, Penal Law § 145.05). Nor are we persuaded that defendant was prejudiced by County Court's *Sandoval* compromise, which merely permitted the People to question defendant concerning his convictions rendered after 1987 by reference to them only as felonies or misdemeanors, with no mention of the actual crimes committed or any of their underlying facts.

Defendant's remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.