■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LADALE KENNEDY, Appellant. [741 NYS2d 878] —Judgment,
Supreme Court, Bronx County (John Moore, J.), rendered
March 7, 2000, convicting defendant, after a jury trial, of mur-
der in the second degree, and sentencing him to a term of from
25 years to life, unanimously affirmed.

The court conducted a sufficient inquiry when the jury
foreperson expressed concerns about serving in that capacity
(see, People v Buford, 69 NY2d 290, 299). It is clear from the
record that the juror's only problem was her reluctance to serve
as foreperson, and that this was alleviated as soon as the court
explained that the foreperson's duties were largely ministerial.
Despite ample opportunity to raise any other concerns, the
juror gave no indication that she was unable to render a fair
verdict.

The challenged portions of the prosecution's summation were
generally responsive to issues raised by the defense, particu-
larly with regard to the issue of intent, and did not deprive de-
fendant of a fair trial (see, People v Overlee, 236 AD2d 133, lv
denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114,
118-119, lv denied 81 NY2d 884). The comment characterized
by defendant as an attempt by the prosecutor to shift the
burden of proof had no such effect, when viewed in context. In
any event, any error in the summation was harmless in light
of the overwhelming evidence of defendant's guilt (see, Chap-
man v California, 386 US 18, 24).

We perceive no basis for a reduction of sentence. Concur—
Nardelli, J.P., Saxe, Ellerin, Wallach and Lerner, JJ.