(May 6, 2004)

■ The People of the State of New York, Respondent, v Ladale Kennedy, Defendant-Appellant. [776 NYS2d 790]—Order, Supreme Court, Bronx County (John S. Moore, J.), entered on or about January 2, 2003, which denied defendant's motion to vacate a judgment, same court and Justice, rendered March 7, 2000, unanimously affirmed.

The court properly denied defendant's motion to vacate the judgment pursuant to CPL 440.10 on the ground of ineffective assistance of counsel (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Even assuming that trial counsel's failure to request submission of manslaughter in the second degree or criminally negligent homicide as lesser included offenses was not a strategic choice, we find that counsel's omission did not deprive defendant of a fair trial or affect the outcome (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *People v Alicea*, 229 AD2d 80, 89-90 [1997], *lv denied* 90 NY2d 890 [1997]; *see also Strickland v Washington*, 466 US 668 [1984]). On defendant's direct appeal, this Court concluded that defendant's guilt of murder in the second degree was established at trial by overwhelming evidence (*People v Kennedy*, 294 AD2d 283 [2002], *lv denied* 98 NY2d 698 [2002]). There is no reason to believe that the jury would have convicted defendant of anything less than intentional murder no matter what lesser offenses had been submitted (*see People v Ruiz*, 223 AD2d 418 [1996], *lv denied* 88 NY2d 853 [1996]). Moreover, the court did submit first degree manslaughter, and the jury rejected that option when it convicted defendant of murder. It is well settled that under such circumstances, failure to submit the more remote lesser offenses of second degree manslaughter and criminally negligent homicide would be deemed harmless (*see e.g. People v Vega*, 155 AD2d 632 [1989], *lv denied* 75 NY2d 819 [1990]). Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.