■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY E. BROWN, Appellant. [834 NYS2d 766]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 9, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the inconsistencies in the testimony of the victim do not render that testimony incredible as a matter of law (*see People v Roberts*, 231 AD2d 859 [1996], *lv denied* 89 NY2d 1014 [1997]; *see also People v Batista*, 235 AD2d 631, 632 [1997], *lv denied* 89 NY2d 1088 [1997]).

Defendant further contends that County Court abused its discretion by allowing the People to cross-examine him with respect to two prior convictions. Defendant failed to object to the court's " 'ultimate' *Sandoval* ruling" and thus failed to preserve his contention for our review (*People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *see People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]). In any event, defendant's contention lacks merit. "[T]here are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (*People v Walker*, 83 NY2d 455, 459 [1994]), and the court properly exercised its discretion in this case.

We reject the contention of defendant that there was a *Batson* violation based on the prosecutor's exercise of peremptory chal-

lenges against three prospective African-American jurors. Defendant failed to preserve his contention for our review with respect to one of the prospective jurors (*see* CPL 470.05 [2]) and, indeed, we note that defendant waived his contention with respect to that prospective juror when defense counsel noted that the *Batson* challenge did not apply to that prospective juror. We conclude with respect to the remaining two prospective jurors that the court did not abuse its discretion in determining that the prosecutor's explanations for exercising those peremptory challenges were not pretexts for discrimination (*see People v Shongo*, 288 AD2d 920 [2001], *lv denied* 97 NY2d 733 [2002]; *People v Diaz*, 269 AD2d 766 [2000], *lv denied* 95 NY2d 852 [2000]).

We reject the further contention of defendant that he was denied the right to effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant has failed to show that a pretrial motion to suppress evidence, if made, would have been successful (*see People v Peterson*, 19 AD3d 1015 [2005], *lv denied* 6 NY3d 851 [2006]; *People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]), or that defense counsel otherwise failed to provide meaningful representation (*see generally Baldi*, 54 NY2d at 147). Defendant failed to establish that his original attorney was aware that he had an actual conflict of interest during a pretrial suppression hearing, and thus there is no support for defendant's contention that the conflict hindered the attorney's representation of defendant (*see generally People v Harris*, 99 NY2d 202, 210-211 [2002]). Similarly without merit is defendant's contention that the court abused its discretion in permitting the People to call a rebuttal witness (*see generally People v Harris*, 57 NY2d 335, 345-346 [1982], *cert denied* 460 US 1047 [1983]). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.