■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELSA N. GONZALEZ, Appellant. [859 NYS2d 822]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 10, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]),

defendant contends that reversal is required based on County Court's refusal to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree. We reject that contention. The subdivision of criminal possession of a controlled substance of which defendant was convicted is defined in relevant part as possession of a controlled substance with intent to sell it, while the lesser crime requires only possession. Because the jury found defendant guilty of criminal sale of a controlled substance, we conclude that any error in the court's refusal to charge the lesser included offense does not warrant reversal inasmuch as "[t]he verdict itself implies that [any] error did not affect the result" (*People v Ruiz*, 223 AD2d 418, 419 [1996], *lv denied* 88 NY2d 853 [1996]). We reject the further contention of defendant that the People's failure to provide her with information concerning the acts underlying the youthful offender adjudication of a confidential informant constitutes a *Brady* violation. Although the People have a duty to disclose exculpatory material, including "evidence impeaching the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence" (*People v Baxley*, 84 NY2d 208, 213 [1994], *rearg dismissed* 86 NY2d 886 [1995]), " '[a] youthful offender adjudication is not a judgment of conviction for a crime,' " and thus information concerning those underlying acts does not constitute *Brady* material (*People v Fyffe*, 249 AD2d 938, 938 [1998], *lv denied* 92 NY2d 897 [1998]).

Defendant failed to preserve for our review her challenge to the court's ultimate *Sandoval* ruling (*see People v Brown*, 39 AD3d 1207 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]) and, in any event, that ruling did not constitute an abuse of discretion (*see Brown*, 39 AD3d 1207 [2007]). We reject the contentions of defendant that the court erred in limiting her cross-examination of the confidential informant (*see People v Colucci*, 198 AD2d 825 [1993], *lv denied* 82 NY2d 923 [1994]), and that she was denied a fair trial based upon cumulative error. Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.