■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN L. OAKES, Appellant. [871 NYS2d 512]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). County Court properly refused to suppress defendant's statements to the police. The record of the suppression hearing establishes that defendant was not in custody when he made his initial statement to the police at the home of his girlfriend, and thus *Miranda* warnings were not required (*see generally People v Brown*, 52 AD3d 1175, 1176 [2008]). "Because the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]). The record of the suppression hearing further establishes that, although defendant was intoxicated at the time he made the statements, he "was not intoxicated to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights" (*People v Downey*, 254 AD2d 794, 795 [1998], *lv denied* 92 NY2d 1031 [1998]).

We reject the contention of defendant that he was denied his right to be present at a material stage of the trial when the court conducted an in camera interview of a sworn juror, in the presence of the prosecutor and defense counsel but in the absence of defendant, to determine whether that sworn juror was grossly unqualified to serve. "Whether a seated juror is grossly unqualified to serve is a legal determination . . . , and as such the presence of counsel at a hearing to determine a juror's qualification is adequate" (*People v Harris*, 99 NY2d 202, 212 [2002]; *see also People v Mullen*, 44 NY2d 1, 5-6 [1978]; *People v Zeigler*, 305 AD2d 1100 [2003], *lv denied* 100 NY2d 626 [2003]). Defendant failed to preserve for our review his further contentions that the court erred in failing to discharge that juror (*see People v Kelly*, 5 NY3d 116, 120 n 2 [2005]), that the court's *Sandoval* ruling constituted an abuse of discretion (*see People v Gonzalez*, 52 AD3d 1228, 1229 [2008], *lv denied* 11 NY3d 788 [2008]), and that the verdict is repugnant (*see People v Alfaro*, 66 NY2d 985, 987 [1985]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to the further contention of defendant, we conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147

[1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.