■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER JASON CRIQUE, Appellant. [882 NYS2d 39]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 16, 2007, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). On the contrary, we find the evidence overwhelmingly established defendant's homicidal intent and disproved his justification defense. The evidence leads to the inescapable conclusion that defendant's claim that the victim was the initial aggressor was entirely false. Moreover, even under defendant's version of the facts, his use of force was entirely unjustified in view of the duty to retreat (*see* Penal Law § 35.15 [2] [a]). Accordingly, we find no evidence to support a theory that defendant was initially justified in using force, but that he then used excessive force, and that such use of excessive force was merely reckless, or cannot be shown to be the cause of death.

Since defendant did not request a jury instruction on second-degree (reckless) manslaughter, "the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]). Furthermore, defendant did not preserve his claim that the court should have charged the jury that if it found defendant was initially justified but used excessive force, a conviction would also require a finding that the excessive portion of the force caused the victim's death, and we decline to review it in the interest of justice. Defendant's claim that his attorney rendered ineffective assistance by not making these requests is unreviewable on direct appeal because it involves matters outside the record regarding counsel's strategic choices and defendant's own participation in that strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). In this case, the fact that counsel requested submission of first-degree manslaughter is not dispositive of whether he had strategic reasons for not requesting instructions on second-degree manslaughter and excessive force. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel could have reasonably concluded that a theory that defendant was initially justified, but then used excessive force, was unsupported by the evidence while carrying the potential of confusing

the jury and undermining defendant's core defenses of complete justification and extreme emotional disturbance. In any event, regardless of whether a reasonably competent attorney would have made the requests at issue, we find that the absence of these instructions did not cause defendant any prejudice or deprive him of a fair trial. There is no reasonable possibility that the verdict would have been more favorable to defendant had his attorney made these requests (*see e.g. People v Kennedy*, 7 AD3d 272 [2004], *lv denied* 3 NY3d 676 [2004]).

The court's reasonable doubt charge was not constitutionally deficient. The court expressly instructed the jury that a reasonable doubt may be based on a lack of evidence, and that instruction was not contradicted by another portion of the charge directing the jury to decide the case "on the evidence," since that phrase was used in the context of cautioning the jury to avoid sympathy or prejudice.

The court properly exercised its discretion in precluding defendant from calling a handwriting expert, since nothing in the expert's proposed testimony was relevant, even when taken together with the testimony of defendant's psychiatric expert witness. Defendant did not establish that the handwriting expert was competent to testify there was anything unusual or abnormal about defendant's use of several handwriting styles. Defendant received a full opportunity to advance his psychiatric claims by way of other evidence, and the court's ruling on the handwriting expert did not deprive defendant of his right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court's other evidentiary rulings and denials of mistrial motions, including a motion that was based on a portion of the prosecutor's summation, were proper exercises of discretion. Defendant did not preserve his other challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the prosecutor made inappropriate sympathy arguments, but that these arguments did not deprive defendant of a fair trial. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.