■ The People of the State of New York, Respondent, v Bruce Goodrum, Appellant. [901 NYS2d 770]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 17, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence establishing that he acted as an accomplice because his motions for trial orders of dismissal were not specifically directed at that alleged insufficiency (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that County Court erred in refusing to give a proper circumstantial evidence charge. Indeed, inasmuch as there was both direct and circumstantial evidence of defendant's guilt with regard to defendant's constructive possession of the controlled substance (*see People v Wilson*, 284 AD2d 958 [2001], *lv denied* 96 NY2d 943 [2001]), no circumstantial evidence charge was warranted (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Perez*, 259 AD2d 274 [1999], *lv denied* 93 NY2d 976 [1999]; *cf. People v David*, 234 AD2d 787 [1996], *lv denied* 89 NY2d 1034 [1997]). By failing to object to the court's ultimate *Sandoval* ruling, defendant

failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v Brown*, 39 AD3d 1207 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.