People v Fuller (2019 NY Slip Op 05456)





People v Fuller


2019 NY Slip Op 05456


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


520 KA 15-01447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARL J. FULLER, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 2, 2015. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal mischief in the third degree (Penal Law § 145.05 [2]). Defendant contends that County Court erred in ruling, as part of a Sandoval compromise, that the People would be allowed, if defendant chose to testify, to cross-examine him fully regarding his prior felony conviction of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]; [b]). Initially, contrary to the People's assertion, defendant's contention is preserved for our review. Defendant expressly requested, without success on the ground now advanced on appeal, a ruling that the People not be permitted to cross-examine him regarding the prior conviction, and he "is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule . . . accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered" (CPL 470.05 [2]; see People v Pritchard, 149 AD3d 1479, 1479-1480 [4th Dept 2017]; People v Lessane, 142 AD3d 562, 563 [2d Dept 2016]). We nevertheless conclude that defendant's contention lacks merit. "The extent to which prior convictions bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion" (People v Williams, 98 AD3d 1234, 1235 [4th Dept 2012], lv denied 21 NY3d 947 [2013] [internal quotation marks omitted]), and there was no such abuse of discretion here (see People v Newland, 83 AD3d 1202, 1203 [3d Dept 2011], lv denied 17 NY3d 798 [2011]; People v Pomales, 49 AD3d 962, 964 [3d Dept 2008], lv denied 10 NY3d 938 [2008]; People v Brown, 39 AD3d 1207, 1207 [4th Dept 2007], lv denied 9 NY3d 921 [2007]). Defendant's additional contention that the court should have conducted an evidentiary hearing regarding his explanation for the prior conviction is not preserved for our review (see CPL 470.05 [2]; People v Jackson, 221 AD2d 254, 255 [1st Dept 1995], lv denied 87 NY2d 974 [1996]; People v Henderson, 212 AD2d 1031, 1031-1032 [4th Dept 1995], lv denied 86 NY2d 736 [1995]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, viewing the evidence in light of the elements of criminal mischief in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see People v Miranda, 119 AD3d 1421, 1421-1422 [4th Dept 2014], lv denied 24 NY3d 1045 [2014]; see also People v De Chellis, 265 AD2d 735, 735 [3d Dept 1999]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court